### McLAIN v. ROBINSON. (No. 6809.)

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1924. Rehearing Denied Jan. 14, 1925.)

**1. Sales ⟐355(4)—Alleged variance in allegations and proof held immaterial, in view of offer to allow credit.**

In action by seller against buyer of claim against bankrupt estate, supposed to be secured by lien on half interest in oil machinery, though contract provided that should claim of lien be defeated and buyer fail to realize certain amount from other source, seller should credit buyer with value of security lost, variance in allegations and proof as to amount buyer was to realize from said other source and amount of credit *held* immaterial where seller agreed to allow full credit.

**2. Bills and notes ⟐445—Suit on note held not premature, in view of allowance of contingent credit.**

Suit upon note, given pursuant to contract containing provision deferring maturity of note pending final determination of whether certain credit was allowable on note, *held* not prematurely brought, though matter had not been determined, where payee agreed to allow the credit in full.

**3. Trial ⟐25(11)—Requisites of admission by defendant entitling him to open and close argument stated.**

Admission by defendant, that plaintiff has good cause of action except as defeated by defense, to entitle defendant to open and close argument before jury, under District Court Rule No. 31, must be made before trial commences and must relieve plaintiff from necessity of offering any evidence.

**4. Trial ⟐25(6)—Defendant held not entitled to open and close argument.**

Defendant *held* properly denied right, under Dist. Court Rule No. 31, to open and close argument before jury, where, though he admitted execution of notes sued on, he also entered a general denial and specifically denied that contract sued upon was the one made, and asked peremptory instruction for variance between petition and proof.

*On Motion for Rehearing.*

**5. Bills and notes ⟐537(8)—Issue held not for jury as to amount of credit to which defendant entitled.**

In suit on note, given pursuant to contract entitling defendant to credit in certain contingency for value of certain oil machinery, evidence *held* to make no issue for jury as to value in excess of that for which plaintiff gave credit.

Appeal from Seventeenth Judicial District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by William Robinson against W. K. McLain. From a judgment for plaintiff, defendant appeals. Affirmed.

Cunningham, McMahon & Lipscomb, of Bonham, for appellant.

Walker, Stuart & Rattikin, of Fort Worth, for appellee.

McCLENDON, C. J. The appellee, Robinson, brought this suit against appellant, McLain, upon two promissory notes for the principal sum of $2,000 and $5,029.77, respectively, alleging that the notes were given in pursuance of a written contract copied in full in his petition, under which he agreed to assign to McLain a certain claim which he held against the bankrupt estate of the Texas Crude Oil & Refining Company. Besides a general denial, McLain specially pleaded that the contract sued upon was not the contract which the parties had made, and that the contract was tainted with fraud, which vitiated it. Other defenses not necessary to set out were urged. In a supplemental petition the plaintiff admitted that the larger note was entitled to a credit of $2,000.

There was a trial to a jury upon special issues, all of which were answered favorably to the plaintiff, and upon which judgment was rendered for the plaintiff for the full amount of the notes, principal, interest, and

attorney's fees, less the admitted credit. From this judgment McLain has appealed upon three assignments of error.

The first assignment, which complains of the refusal of the court to direct a verdict in favor of defendant, and the second, which complains of the refusal to submit to the jury a special issue calling for a finding of the value of certain fixtures and oil machinery, will be considered together.

The evidence shows that the contract sued upon, in pursuance of which the notes were given was executed under substantially the following circumstances: The estate of the Texas Crude Oil & Refining Company was pending in the United States District Court for the Northern District of Texas, before the referee in bankruptcy at Sherman, and the defendant was negotiating to purchase the assets of the bankrupt corporation. Plaintiff Robinson had a claim against this estate which was secured, or supposed to be secured by a lien upon a one-half interest in certain oil machinery and equipment situated on what was known as the Triangle lease near Burkburnett. Plaintiff and defendant and their attorneys met in Sherman on March 5, 1921, and, after some negotiations, agreed to the terms of a contract under which McLain was to acquire Robinson's claim against the bankrupt estate. Under this agreement McLain was to execute the two notes sued upon, which were to be made nonnegotiable. The contract was hurriedly dictated and when transcribed had a number of inaccuracies; but, in view of the fact that all the parties were in a hurry to catch trains, it was signed in triplicate by the parties and two of the copies were retained by Robinson's attorney, with the understanding, according to his testimony, that he was to make the corrections and forward a corrected copy to McLain's attorney. This was afterwards done. Robinson kept one of the uncorrected copies, the other two being carried to Dallas by his attorney and corrected, and one of these corrected copies mailed by him to Sherman to McLain's attorney. Both the original and the corrected copies of the contract were introduced in evidence by the plaintiff, and no error is assigned upon their admission or upon the admission of any testimony in connection with the execution of the contract. There was much testimony on both sides as to what the true agreement of the parties was, but the evidence was sufficient to support a finding that the contract as corrected embodied the terms of the agreement as made. That portion of the contract which is pertinent to the issues on this appeal is as follows, the underscored portions appear in the original and do not appear in the correction, while the portions in parentheses appear in the correction and not in the original; the portions neither underscored nor in parentheses are in both copies:

"It is expressly understood, however, that should the McAdoo Oil Company prevail in his (its) contention and should recover more than one-half of the equipment that was situated on what is known as the Triangle Lease, near Burkburnett, Texas, and on which one-half of the said equipment (a part of my claim) is secured by a chattel mortgage, as is fully shown by a copy of said mortgage attached to said claim to which reference is made and a full and particular description thereof. In the further event that should the said W. K. McLain fail to realize from the lease known as the Robinson well the sum of five (seven) thousand twenty-nine dollars and seventy-seven cents ($5,029.77) (($7,029.77)), then, in that event said notes (last note) should be entitled to a credit and on (for all) such shortage or (occasioned) by reason or (of) the McAdoo Oil Company having recovered the entire equipment situated on said Triangle Oil Lease, but it is expressly understood, however, that in the event that the McAdoo Oil Company does not prevail in its suit and does not recover more than one-half interest in the equipment that was situated on the said Triangle lease and on which I claim to have my said mortgage then the note above described shall be paid in full by the said W. K. McLain according to the terms thereof. In this connection it is further provided that should the claim of the McAdoo Oil Company be not adjusted by the maturity date of the said (last) note then in that event the payment of such (said) note shall be deferred and postponed until such time as said claim is finally determined."

It will be observed that under either the original or the corrected copy of the contract the defendant was entitled to a credit equal to the value of one-half of the fixtures and machinery on the Triangle lease, in case Robinson's claim in the bankruptcy court was not allowed as a secured first lien claim upon that half interest, and in case, also, a certain sum was not realized from the Robinson well, but that, if the claim was allowed as a first lien upon such half interest, then the notes were to be paid in full. In his supplemental petition Robinson alleged that he did not know whether the question of lien had been adjudicated in the bankruptcy court, but that the value of the half interest was not exceeding $2,000, and he admitted a credit to that extent. There was no proof of the value of these fixtures and machinery, except that by Robinson, who testified that the half interest on which he claimed a lien was worth $2,000.

[1, 2] Under the first assignment of error it is urged that the court should have directed a verdict for defendant: (1) Because of a material variance between the contract sued upon and the contract in evidence; (2) because there was no showing that the claim of the McAdoo Oil Company had been adjusted, and therefore the suit on the $5,029.77 note was premature; and (3) because there was no showing that McLain ever realized $7,029.77 from the Robinson well.

The only material difference between the original and corrected copies of the contract was that in the original the provision relative to McLain's realizing on the Robinson well called for $5,029.77, whereas the corrected copy called for $7,029.77, and the original provided that "said notes" should be entitled to a credit for a shortage resulting from disallowance of a first lien on the half interest in the Triangle lease equipment and machinery, and the corrected copy provided that such credits should only be on the last or $5,029.77 note. As we construe the contract, whether the original or corrected copy, two conditions were essential before any credit was to be allowed upon either note. The first condition was that Robinson's claim must be disallowed as a first lien on a half interest in the equipment and machinery; and the second that McLain must fail to realize as much as either $5,029.77 or $7,029.-77 upon the Robinson well. The failure to realize either of these amounts would not alone entitle McLain to any credit on either of the notes, because the agreement specifically provided that in the event the McAdoo Oil Company should not recover more than a half interest in the equipment and machinery on the Triangle lease, then McLain should pay the notes in full. The agreement is specific, according to either of the copies, to the effect that the amount of credit to be allowed is to cover the shortage occasioned by the failure to have Robinson's claim allowed as a first lien on a half interest in the fixtures and machinery; and as the only evidence in the record upon the value of such interest fixes it at $2,000, and as McLain was allowed a credit of that amount on the larger note, it becomes immaterial whether he realized anything at all on the Robinson well, whether the credit he was to receive was to the extent of both or only one of the notes, or whether the bankruptcy court had ever adjudicated the matter of lien on the machinery and fixtures. The jury found that the contract sued upon represented the agreement of the parties, but whether that be true or not the variance between that contract and the original was wholly immaterial to any issue in the case, in view of the fact that plaintiff allowed the full amount of credit to which defendant was entitled under the evidence, regardless of which copy of the contract was binding upon the parties. The provision of the contract that the larger note should be deferred and postponed until the McAdoo Oil Company's claim was adjudicated, had no other purpose than to delay maturity in order to ascertain whether McLain was entitled to any credit as a result of such adjudication. If the oil company should not prevail, then McLain would be entitled to no credit; if it should, he would be entitled to a credit to the extent of the value of the half interest in the machinery and fixtures which he would thereby lose. Since he was credited with the entire value of the half interest, the adjudication of the McAdoo claim was no longer important. The note was due according to its terms, except for the determination of whether such credit was allowable. The admission of the credit to the full amount that the evidence would support rendered the balance on the note payable according to its original terms. Under the undisputed evidence in the case there was no issue to go to the jury upon the value of the fixtures and machinery. We overrule the first and second assignments of error.

[3, 4] The third assignment of error complains of the refusal of the trial court to permit defendant to open and close the argument before the jury. In the bill of exceptions taken to this ruling it appears that this motion was made after the evidence was concluded and before the argument was begun; the motion stating that the defendant was entitled to open and close the argument on the ground that in his pleadings he admitted the execution of the notes sued upon and the burden of proof on the whole case rested upon him. District Court rule No. 31 provides:

"The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commenced, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

It is not contended that the defendant made any such admission as is provided for in this rule. The admission there referred to must be made before the trial commences and must be such as to relieve the plaintiff from the necessity of offering any evidence in support of his case.

That the burden of proof on the whole case under the pleadings did not rest upon the defendant is too plain for argument. In the first place, there was a general denial which was never waived, under which it was essential for the plaintiff to prove all the material allegations of his case which included a production of the notes and contract sued upon. The defendant also specifically denied that the contract set out in the petition was the contract sued upon, and he is urging in this court that he was entitled to a peremptory instruction on the ground of variance. If the pleadings were such as to cast the burden

of the whole case upon the defendant, it would not have been necessary for plaintiff to introduce any evidence at all; but with the pleadings as they stood, it can hardly be seriously contended that this was the case. The third assignment of error is overruled.

Finding no error in the record, the trial court's judgment is affirmed.

### On Motion for Rehearing.

[5] Appellant vigorously assails our finding to the effect that under the evidence there was no issue to go to the jury on the value of the equipment on the Triangle lease. In our opinion we stated that there was no proof in the record of such value, except that of Robinson "who testified that the half interest on which he claimed a lien was worth $2,000." This finding is questioned by appellee. We quote from appellant's motion all the testimony in the record bearing upon this issue. Robinson testified:

"I suppose that the personal property that I claim was on the Triangle lease—the property that I claim to have a mortgage on—prior to the time we all met there on March 5th, was worth $2,000."

It was shown that upon some former hearing he had testified:

"It has two pieces of property, the Triangle lease out there—there was about $12,000 worth of equipment at the time I secured it."

The testimony in the latter quotation is in no sense in conflict with that in the former. The values testified to in the latter relate to the time appellee secured his lien on the property; in the former to the time he transferred the lien to appellant.

The credit to which appellant was entitled was the value of the property which Robinson guaranteed he would get a first lien on, namely, a half interest in the equipment on the Triangle lease. There was no guarantee as to what equipment was there, or as to its value, but only that the claim assigned to appellant should constitute a first lien thereon. The value of the equipment at the time the lien was originally created was immaterial. The amount of the credit on the note was fixed by the agreement of the parties as the shortage occasioned by the failure to have the lien which appellant was purchasing allowed as a first charge on a half interest in the equipment; and the amount of that shortage was fixed by the value of such half interest at the time of the transfer.

No other proof being offered upon this subject, and appellee having admitted and allowed a credit to the full amount the testimony would warrant, there was no issue of fact in this regard for the jury to determine. The motion is overruled.