## POSTAL TELEGRAPH CABLE CO. v. DARKINS.

### No. 1899.

Court of Civil Appeals of Texas. Beaumont. Nov. 30, 1929.

First Motion for Rehearing Granted March 5, 1930. Second Motion for Rehearing Overruled March 26, 1930.

Lipscomb & Cruse, of Beaumont, for appellant.

Tom C. Stephenson and C. A. Lord, both of Beaumont, for appellee.

O'QUINN, J.

Darkins sued the Postal Telegraph Cable Company to recover $25,000 for personal injuries which he alleged resulted from the negligence of said company in lowering the ground section of a certain fire escape whereby he received an injury to his head in passing under it. The defendant company answered by a general denial and a plea of contributory negligence. The case was tried to a jury upon special issues. All issues relative to negligence on the part of the defendant were answered in favor of plaintiff, and that said negligence was the proximate cause of plaintiff's injury, and assessed his damages at $1,000.

Among other issues relative to contributory negligence, the court submitted special issue No. 10, as follows:

"Special Issue No. 10:

"Was the plaintiff guilty of contributory negligence in failing to hear, if he did fail to hear, Goolsby's calls to him?

"Answer yes or no as you may find the facts to be."

To this issue the jury answered "Yes."

There was no issue submitted, or requested to be submitted as to whether the act of contributory negligence above submitted and found by the jury was the proximate cause of plaintiff's injury.

Upon the rendition of the jury's verdict, both parties moved for judgment on same. The motion of defendant was refused and that of plaintiff granted, and judgment accordingly entered awarding plaintiff his damages and execution therefor. The defendant duly excepted to the action of the court in refusing its motion for judgment, but gave no notice of appeal. The judgment was duly entered by the court on April 16, 1929. On April 26, 1929, the defendant filed its motion styled: "Motion to Reconsider Rulings on Motion to Enter Judgment."

This motion, omitting formal parts, reads as follows:

"In this cause comes defendant, Postal Telegraph Cable Company, in the event of the court having overruled this defendant's motion for judgment in its favor based on the verdict of the jury, or in the event of the courts having granted the plaintiff's motion for judgment in its favor, and moves the court to reconsider such action and enter judgment in favor of this defendant, because it is manifest that the verdict of the jury was such as to require a judgment in favor of defendant, the jury having found plaintiff guilty of contributory negligence in failing to regard the cries of warning given to him by defendant, which finding is in support of an affirmative defense specially pleaded by defendant, and the language of the charge, submitting the question of negligence in failing to hear such warning cries, was the language selected by plaintiff's counsel in which to submit such issues. The finding thereon is clear and includes the fact that such contributory negligence was the proximate cause, because the charge of the court in its preliminary instructions expressly defines contributory negligence as being such an act or omission on the part of the plaintiff, amounting to want of ordinary care, as, concurring or cooperating with some negligent act or omission of the defendant, *is a proximate cause of the injury*, and without which

the injury would not have occurred. The insertion of the words 'if he did fail to hear,' which were inserted upon exceptions of defendant, were necessary in order to make the charge consistent in that respect with that portion of said charge in which an issue was submitted as to whether or not plaintiff voluntarily collided with the fire escape.

"In this connection, defendant urges the fact, well-known to the court, that the charge submitted in this case was prepared by plaintiff's counsel, and plaintiff's counsel was consulted by the court as to all amendments to said charge that were made after exceptions were directed thereto by defendant, and, therefore, plaintiff is estopped to urge any objections whatever to the language of such charge."

The motion was overruled by the court, to which action of the court the defendant excepted and gave notice of appeal. The exception and notice of appeal are embodied in the judgment overruling the motion to reconsider.

Appellee, Darkins, has filed motion to dismiss the appeal because:

"(a) The appeal is not taken and does not purport to be taken from the final judgment rendered in the district court.

"(b) The appeal is taken from the order of the district court refusing the appellant's motion to reconsider rulings on the motion to enter judgment, which was not the final judgment in the case.

"(c) The appellant made no exception to the final judgment rendered in the case and gave no notice of appeal therefrom.

"(d) The district court rendered judgment upon the findings of the jury and in favor of plaintiff, who is appellee in the case, as moved by the appellee and as prayed for, and no notice of appeal from the order of the court so rendering judgment was given by the appellant, and no appeal was taken from the district court's order so entering judgment upon the findings of the jury."

We think the motion to dismiss must be sustained. If the motion to reconsider the action of the court in refusing appellant's motion for judgment on the jury's findings could be considered, or should be considered, as intended for a motion for a new trial, then there would be a different question before us. But it was not so intended and cannot be so considered. Appellant nowhere contends that its motion to reconsider was intended as a motion for new trial, or was to serve the purpose of a motion for a new trial, but, to the contrary, in oral argument on submission, vigorously insisted that its said motion was not intended as a motion for a new trial, that it did not want a new trial, that it had a jury finding of contributory negligence and was entitled to judgment on that finding, and not to a new trial because of the action of the court in refusing its motion for judgment.

As before stated, both parties moved for judgment on the findings of the jury. Appellant's motion was refused and appellee's granted, and judgment accordingly entered. To this judgment, appellant did not except or give notice of appeal. This judgment was entered April 16, 1929. April 26, 1929, appellant filed its motion, not for a new trial, but for the court to reconsider its rulings on the motions for judgment. This the court overruled, and, to this action of the court in refusing to reconsider its prior rulings, appellant excepted and gave notice of appeal. There can be but one final judgment in a case. The judgment of the court in overruling appellant's motion to reconsider was not the final judgment in the case. The final judgment was the one of April 16, 1929, awarding and entering judgment for plaintiff on the jury's findings. There was no exception to or notice of appeal from that judgment. The appeal from the judgment of the court in refusing to consider its action in refusing appellant's motion for judgment does not bring before us the final judgment on the merits of the case. The judgment appealed from not being one from which an appeal would lie, the appeal must be dismissed, and it is so ordered.

Dismissed.

### On Motion for Rehearing.

On a former day we dismissed the appeal herein because we thought the appeal was taken from a judgment not appealable. We refer to our original opinion, supra, for the particulars of the suit and reasons for dismissal.

Appellant has filed a motion for rehearing in which it asserts that we erroneously assumed that notice of appeal was not given until ten days after entry of the final judgment, whereas in fact, it insists, that the notice of appeal was given on the day of and at the time of the rendition of the final judgment, and was a notice of appeal as to the rendition of the final judgment, and from the entire judgment.

We stated in our opinion, supra, that final judgment was entered on April 16, 1929. In this we may have been in error. The final judgment, as it appears in the transcript, does not bear any special date. It recites that the cause was called for trial April 11, 1929; that all parties appeared and announced ready for trial; that a jury was duly impaneled, and that on April 13, 1929, they returned into court their verdict, and then proceeds to declare judgment for the plaintiff. There is no exception to, or notice of appeal from, this judgment noted in this record.

Both parties filed motion for judgment on the jury's verdict on April 15, 1929.

On April 15, 1929, the same day that motion for judgment had been filed, plaintiff filed a motion for a new trial, which motion prayed the court to set aside the "verdict of the jury and judgment of the court herein rendered." We naturally supposed that the judgment must have been rendered before the filing of a motion to set same aside and grant a new trial.

The record shows that the motions of the parties for judgment on the jury's verdict came on for hearing on April 26, 1929, and that appellant's motion was denied and that of appellee granted, to which action of the court appellant excepted, but did not give notice of appeal. On this same day appellant filed a motion for the court to reconsider its action and ruling on the motions for judgment. It was styled "Motion to Reconsider Rulings on Motion to Enter Judgment." This motion is set out in our original opinion, supra. The judgment of the court in overruling this motion to reconsider reads:

"This 26th day of April, 1929, came on to be heard motion of the defendant to reconsider rulings on the several motions to enter judgment based on the verdict.

"The court, having considered said motion, is of the opinion that the law is against same, for which reason same should be overruled. To this ruling of the court, defendant, Postal Telegraph Cable Company, excepts and gives notice of appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District of Texas at Beaumont.

"Defendant is hereby given such time as the statute permits the court to give for the filing of its statement of facts and bills of exception."

We have given this full statement of what the record discloses, in order that the reason for our stating, in our original opinion, that the final judgment was rendered before the action of the court, in refusing to reconsider its ruling on the appellant's motion for judgment might be seen, and to show that the judgment appealed from was that of the court's ruling on the motion to reconsider, and not that of the final judgment.

We are of the opinion that, if the record be strictly construed, our judgment of dismissal was correct and that the judgment appealed from was not appealable. However, a majority of the court think that under the confused state of the record as to when the final judgment was, in fact, rendered, that the record should be given a liberal interpretation in favor of the right of appeal, and that it should be held that the intention of appellant was to appeal from the final judgment awarding plaintiff damages and, therefore, that the judgment of dismissal should be set aside and the appeal determined on its merits, which is accordingly done.

### On the Merits.

Appellant's first three propositions assert that the court erred in not granting its motion for judgment on the verdict of the jury finding, as it contends, that appellee was guilty of contributory negligence.

The question of contributory negligence was submitted to the jury, as special issue No. 10, in these words: "Was the plaintiff guilty of contributory negligence in failing to hear, if he did fail to hear, Goolsby's calls to him?"

The jury answered: "Yes."

Appellant, in its answer, pleaded contributory negligence on the part of appellee. Issue No. 10 was based upon the allegations of appellant that appellee was guilty of contributory negligence in "carelessly disregarding cries of warning sufficient to prevent his colliding with it; and that but for the neglect and failure of plaintiff to exert ordinary care, in looking ahead or in disregarding cries of warning, or in both respects, no injury would have occurred, to him, of any nature whatsoever." We do not believe that said pleading raised the issue as submitted in special issue No. 10. But if so, then we say that the jury's answer to said issue amounts to no finding at all. The jury answered "yes." Yes, what? Did they find that appellee heard Goolsby's calls to him? Or did they find that appellee failed to hear Goolsby's calls? In what particular, under the jury's finding, was appellee guilty of negligence? The issue as submitted, and the jury's answer thereto, were wholly immaterial, amounted to the finding of no fact, and it was not error for the court to ignore same and render judgment for plaintiff on the jury's other findings.

We have carefully considered all of appellant's other assignments, and, none of them showing error, the judgment should be affirmed, and it is so ordered.

Affirmed.