## FIDELITY UNION CASUALTY CO. v. CARY et al.

### No. 1320—5420.

Commission of Appeals of Texas, Section A. March 12, 1930.

Collins & Houston, of Dallas, for plaintiff in error.

C. H. Machen, of Mexia, and J. E. & B. L. Bradley and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for defendants in error.

### SHARP, J.

The Fidelity Union Casualty Company instituted this suit in the district court of Limestone county to set aside an award made by the Industrial Accident Board in favor of Mose Cary et al. The case was submitted to the jury upon special issues, and a judgment was rendered in favor of Mose Cary, C. H. Machen, and J. E. Bradley against the Fidelity Union Casualty Company, in the sum of $3,448.14, with interest thereon and all costs of suit. The case was appealed to the Court of Civil Appeals for the Tenth Supreme Judicial District, and was affirmed. 13 S.W.(2d) 993. A writ of error was granted by the Supreme Court.

By proper assignment, the insurance company contends that the Court of Civil Appeals erred in holding that the argument to the jury by counsel for the defendant was not improper, and that the case should not be reversed by reason thereof.

We will set out part of the argument used by counsel for defendant and complained of by the counsel for plaintiff: "Answer these questions as I have told you to answer them down to No. 6 and you will not have to answer the rest. When you have answered to the first question that, yes, Mose Cary did sustain an injury, and when you have answered to the second question, yes, such injury has permanently and totally disabled him, and you have answered the next two questions as to average wages as I have told you to answer them, and when you have answered #5 yes, that a manifest hardship and injustice would result to Mose Cary to deny him a lump sum payment of any compensation that might be due him, Judge Boyd will take your verdict and upon it render a judgment for Mose Cary and against Fidelity Union Casualty Company for 400 installments of compensation in a lump sum."

Counsel for the insurance company objected to the argument on the ground that same was inflammatory and highly prejudicial, in that it informed the jury as to the legal effect of their answers to the issues submitted; whereupon the court interrupted counsel and remarked that it was improper to inform the jury in argument as to the legal effect of their answers to the issues, but that counsel for defendants declined to withdraw his remarks, so objected to, and that counsel for plaintiff called for the stenographer for the purpose of taking a bill of exception and counsel for defendants demanded to know if it was desired that he repeat his argument to the jury, and he was informed that counsel for plaintiff did not wish it repeated. The court made no further ruling on the objections, and failed to instruct the jury to disregard same.

Again counsel for defendant in his argument to the jury says: "I will say to you that the only thing that is bothering the Fidelity Union Casualty Company is in trying, and they have been trying since the 23rd of March, 1927, to beat Mose Cary out of what was justly coming to him. If they are not trying to beat him out of it, what are they doing in this court. The Industrial Accident Board at Austin has already passed on this case one time. Mose Cary did not bring this case in court. The Fidelity Union Casualty Company brought it. They are the ones that are raising a howl."

Counsel for plaintiff objected to the remarks on the ground that they were inflammatory and prejudicial to plaintiff, and that there was no evidence tending to show that plaintiff was trying to beat defendant out of anything that was justly coming to him, and that such remarks were calculated to inform the jury, and did inform the jury, that the Industrial Accident Board had resolved similar issues in favor of the defendant, and that the award of the Industrial Accident Board was not in evidence, and there was no evidence in the record to show what the board had done with the case, and, furthermore, the

award of any such evidence would have been inadmissible, if offered, but the court did not interrupt counsel for defendant in his argument and did not instruct the jury to disregard same.

Again counsel for defendant says: "Look at Mose. I have looked at him for eighteen months. I have had him trailing after me that long. I know he has suffered and that he is suffering now. I know the Fidelity Union Casualty Company cannot have a pain."

Counsel for plaintiff objected to the remarks on the ground that they were inflammatory and prejudicial, but the court did not interrupt counsel for defendant and did not instruct the jury to disregard it. There are other instances of argument made by counsel for defendant, but we will not lengthen this opinion by copying same, because the foregoing statements are sufficient to illustrate our view.

The rules for the district court provide that in arguments to the jury "counsel shall be required to confine the arguments strictly to the evidence and to the arguments of opposing counsel"; and the rules further provide that "the court will not be required to wait for objections to be made when the rules as to arguments are violated."

The litigants in a lawsuit are entitled to a fair and impartial trial, and, should it appear that by reason of the violation of the rules the rights of the losing party have been prejudiced, a new trial should be granted.

■ The law provides that, if any party is dissatisfied with the award of the Industrial Accident Board, within a certain time suit may be filed in the district court to set it aside, and the trial shall be de novo, and it would be improper to introduce in evidence before the jury the record of the findings of the Industrial Accident Board, as the award of the board is immaterial to any issue that is to be tried by the jury. Texas Employers' Ass'n v. Downing (Tex. Civ. App.) 218 S. W. 112 (writ of error refused).

■ With reference to that part of the argument of counsel for defendant undertaking to tell the jury how to answer certain issues, this question was passed upon in the case of McFaddin v. Hebert (Tex. Com. App.) 15 S.W. (2d) 213, 216. Judge Critz, in rendering the opinion, says:

"Certainly the Legislature of the state had a purpose in providing by express statute for the submission of cases on special issues, and, if that purpose can be ascertained, it is the duty of the courts to give effect to the legislative purpose. If the jury is allowed to answer the questions according to a prearranged plan as to who shall prevail in the suit when a case is submitted on special issues, then we are unable to conceive of any purpose in the law providing for so submitting civil cases.

"Clearly, the prime object, purpose, and intent of the law for submitting cases on special issues is to remove the jury from any bias in favor of, or prejudice against, either party to the suit, to relieve them from the duty of directly passing on who shall prevail in the suit, and to make it the duty of the jury to answer each question truly as they find the facts to be from the evidence, without regard to what the result of their answers may be. If the court or the attorney, or any one else, is allowed to tell the jury the legal result of the answers, and to appeal to them in argument to so frame their answers so as to accomplish a result rather than to answer the issues truly as they find the facts to be from the evidence, or if the jury is permitted to agree on the result, and then designedly form the answers to accomplish such result, the law providing for special issue verdicts would be an idle and vain thing."

In the case of Bell v. Blackwell (Tex. Com. App.) 283 S. W. 765, 766, Judge Speer, in rendering the opinion, says: "In M., K. & T. Ry. Co. v. Hannig, 91 Tex. 347, 43 S. W. 508, where improper evidence was admitted, the Supreme Court, through Chief Justice Gaines, said: 'The true rule is that in such a case, in order to hold that the error does not require a reversal of the judgment, it ought clearly to appear that no injury could have resulted from the admission of the evidence. Since it does not so appear with reference to the testimony in question, the judgment must be set aside and a new trial awarded.'"

The court further says: "So that, there being error in the proceedings through which plaintiffs in error lost their case, the cause should be remanded, unless it affirmatively appears from the record that such error was harmless; or, differently stated, a reversal should follow if there is any reasonable doubt of its harmful effect. There is no reason to hold that this rule should apply to errors of the court in admitting or rejecting evidence and to errors of the court in passing upon the misconduct of the jury, and to deny that it applies to errors of the court in his rulings upon arguments of counsel to the jury. What difference can it make if the jury considers something it should not consider, whether it be through an improper ruling of the court, the impassioned argument of counsel, or the clandestine receipt of information outside the courtroom? The nature of the error is the same, and the consequences to the injured party are identical in each case."

See further discussion in the foregoing opinion and authorities cited therein.

The evidence in this case was sharply conflicting as to whether or not Mose Cary was suffering from the injuries complained of, and, in view of the entire record in this case, we think that the argument of counsel was improper and prejudicial, and that the assignment should be sustained.

For the reasons above stated, we recommend that the judgment of the Court of Civil Appeals and of the trial court be reversed, and this case be remanded for another trial.

CURETON, C. J.

The judgments of the Court of Civil Appeals and the district court are both reversed, and the cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.