POSTAL TELEGRAPH CABLE CO. v. DARKINS.

No. 1476—5728.

Commission of Appeals of Texas, Section A. Jan. 6, 1932.

A. D. Lipscomb and Elton Cruse, both of Beaumont, for plaintiff in error.

Tom C. Stephenson and C. A. Lord, both of Beaumont, for defendant in error.

HARVEY, P. J.

This suit was brought by C. S. Darkins, the defendant in error, against the Postal Telegraph & Cable Company, the plaintiff in error, to recover damages for personal injuries alleged to have resulted from the negligence of the company. The case was tried before a jury on special issues, resulting in a judgment for Darkins. That judgment has been affirmed by the Court of Civil Appeals. 26 S.W.(2d) 441. The telegraph company has been granted the writ of error.

Briefly, the facts are as follows:

Darkins was injured as he was walking along a sidewalk in the city of Beaumont. The sidewalk was not one belonging to the city, but was a passageway appurtenant to, and situated alongside, a three-story brick building belonging to Mrs. Sarah Levy. This sidewalk or passageway, though located on private property, was in fact a public way, in the sense that the general public constantly used it as a place to travel on foot, in all respects the same as if it had belonged to the city. Some 10 or 12 feet above the surface of this sidewalk, an awning or roof extended from the side of the building to the edge of the sidewalk. A fire escape was attached to said building, which fire escape was constructed of heavy metal, and extended from the sidewalk to the top story of the building. The lower section of the fire escape was so hinged and balanced that, when not in use, the section would automatically assume a horizontal position against the roof of the sidewalk.

The telegraph company had certain of its telegraph wires attached to said building on or near the top of the building. On the occasion in question, some of these wires had become in need of repair. One Goolsby, an agent of the telegraph company, had gone up on the building, in the course of his duties as agent for the company, to repair said wires. After repairing the wires, he was descending by means of the fire escape; and, when he reached and was walking on the lower section thereof, the weight of his body caused the lower end of the section to descend. When he had taken some steps on this section of the fire escape, and the lower end thereof had reached a point about halfway between the sidewalk roof and the surface of the sidewalk, it came into collision with the head of Darkins as the latter was walking along the sidewalk, thus producing the injuries for which damages are sought. Just before the collision, and when Darkins was but a short distance away, Goolsby saw him coming, and shouted warning calls to him; but Darkins continued on his course until the collision occurred. On each of the issues of negligence and contributory negligence that were submitted to the jury, the verdict of the jury was favorable to the defendant in error, Darkins, except special issue No. 10, which was submitted to the jury in the following words: "Was the plaintiff guilty of contributory negligence in failing to hear, if he did fail to hear, Goolsby's calls to him?" The jury answered this, "Yes."

■ The telegraph company duly contended, in the trial court, for the entry of judgment in the company's favor on this finding of the jury. This being denied by the trial court, the company makes the same contention here. For reasons now to be stated, if for no other reason, the contention must be overruled. Failure, on the part of Darkins, to hear the warning calls of Goolsby, was not conclusively established by the evidence, nor was the fact of such failure determined by the jury in any way. It is quite clear that the failure of Darkins, as a substantive fact, to hear the warning calls, is not determined by the jury's verdict on special issue No. 10, since the verdict contemplates such failure merely as the hypothesis upon which the jury's conclusion is based, and not as a fact found.

■ The plaintiff's petition in the case contains repeated fact allegations to the effect that the wires of the telegraph company were attached to the Levy building, and maintained there by the company, without the consent of the owner of the building. And further, that Goolsby, the company's agent, was a trespasser on said premises and using said fire escape without the consent of the owner, Mrs. Levy. To these various fact allegations, the telegraph company specially excepted. These special exceptions were overruled by the trial court, and, at the trial before the jury, the plaintiff, Darkins, over the company's objection, introduced testimony to support said allegations. The action of the trial court in overruling the special exceptions is erroneous. It does not appear from anything in the entire record that said alleged facts have any material bearing on this case. The mere fact that the telegraph company or its agent was trespassing on the premises of Mrs. Levy when the alleged negligent acts of the agent occurred is a matter which in nowise concerns Darkins. The legal aspects of his case against the telegraph company would be the same, regardless of whether the company and Goolsby were tres-

passers on said premises or not. That the error committed by the court, in overruling said special exceptions, resulted in harm to the telegraph company, is reasonably probable—especially in view of the fact that testimony supporting the objectionable allegations was presented to the jury. For said allegations and supporting testimony are of a nature calculated to divert the minds of the jury from a fair consideration of the material issues. St. Louis Southwestern Ry. Co. v. Hudson (Tex. Com. App.) 17 S.W.(2d) 793.

Because of the error pointed out above, we recommend that the judgment of the trial court, and that of the Court of Civil Appeals affirming same, be reversed, and that the cause be remanded.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.