## CLEMENTS v. WRIGHT et ux.
### No. 4092.

Court of Civil Appeals of Texas. Texarkana.
Feb. 25, 1932.

D. A. Frank and Edward Gregg Wallace, both of Dallas, for appellant.

Glover C. Johnson and McLean, Scott & Sayers, all of Fort Worth, for appellees.

WILLSON, C. J. (after stating the case as above).

In submitting issues he thought the pleadings and the evidence made, the trial court propounded 47 questions to the jury. In closing the argument of the case, W. P. McLean, Jr., one of appellees' attorneys, told the jury that his clients' case on the question of negligence was "made out and completed in the first six questions," which, he insisted, should be answered in the affirmative, and that appellant's contentions were covered by questions 7 to 44, which, he insisted, should be answered in the negative. Appellant objected to the argument, insisting same was, quoting, "improper, outside the record and prejudicial, as telling the jury the effect of their verdict," and complains here because his objection was overruled. In McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213, 216, the Commission of Appeals said, quoting: "The prime object, purpose, and intent of the law for submitting cases on special issues is to remove the jury from any bias in favor of, or prejudice against, either party to the suit, to relieve them from the duty of directly passing on who shall prevail in the suit, and to make it the duty of the jury to answer each question truly as they find the facts to be from the evidence, without regard to what the result of their answers may be." For an attorney to indulge in argument calculated to defeat such "object, purpose and intent" is held to be conduct requiring a reversal of a judgment in favor of his client, unless "the special issues submitted are such that men of ordinary intelligence would be presumed to know the legal effect of their answers." Prim v. Bank (Tex. Civ. App.) 28 S.W.(2d) 941, 945; City of Wichita Falls v. Whitney (Tex. Civ. App.) 26 S.W. (2d) 327. That the argument in question here was so calculated we think is clear enough, Morgan v. Maunders (Tex. Civ. App.) 37 S.W. (2d) 791; Consolidated Underwriters v. Murphy (Tex. Civ. App.) 29 S.W.(2d) 831, and we think it should not be presumed that the jury as men of ordinary intelligence, in the absence of the argument, would have known the legal effect of the answers they made to the 47 questions propounded to them.

It appears in a bill of exceptions in the record that appellees' said attorney in his said argument spoke as follows: "Now, they (referring to appellant and his attorney) say: 'You are not entitled to anything, Mrs. Wright, (referring to one of the appellees) because your son (referring to the deceased, F. A. Wright, Jr.) was a cotton picking negro.' I am not here representing the parents of a cotton picking negro in this case. I am representing the parents of an American boy, and citizens of Tarrant County, Texas, who deserve the respect and admiration of every man in this court house and in this case."

Appellant objected to the argument "as being (quoting) improper, outside the record, prejudicial and not in reply to any argument of the defendant's counsel," and complains here because his objection was overruled. Appellees and their said son were white people, and we have not been cited to and have not found in the record anything indicating appellant's attorney referred to them as other than such people. Plainly, we think, the argument was improper, and the trial court erred when he overruled appellant's objection to it.

It appears in another bill of exceptions in the record that appellees' said attorney in his said argument said he knew and thought the jury knew appellant's attorney, D. A. Frank, would not be guilty of conduct specified, and then said, quoting, "but I say to you, sir, I cannot go out of this court house and refrain from thinking in my mind that you (referring to said D. A. Frank) would go into the county court house and undertake to rob a man and rob a woman by legal process and procedure." Appellant objected to the argument as "being (quoting) utterly unfair, improper, outside the record and uncalled for," and the court instructed the jury not to consider same. Notwithstanding such instruction, appellant insists, and we are inclined to agree, that using the argument was so calculated to prejudice rights of appellant as to entitle him to a new trial of the cause. 3 Tex. Jur. 1260, where it is said that: "The rule (quoting) appears to be settled that judgment will be reversed. * * * Unless it affirmatively appears from the record that the improper argument was harmless; or, differently stated, a reversal should follow if there is any reasonable doubt of its harmful effect."

Of the 47 questions submitted to the jury the one numbered 3 was as follows: "Did the defendant, immediately preceding the collision fail to exercise ordinary care to keep a lookout for automobiles being driven on the Dallas viaduct at the time of and just prior to the accident?" Appellant insists it was error to submit the question, because, he says, it was duplicitous and multifarious in that it submitted two issues—one as to whether appellant failed to keep a lookout for automobiles being driven upon the viaduct, and the other as to whether, if appellant failed to keep such a lookout, such failure was negligence. We think the question subject to the objection urged to it. Lumbermen's Reciprocal Ass'n v. Wilmoth (Tex. Com. App.) 12 S.W.(2d) 972; Texas & N. O. Ry. Co. v. Turner (Tex. Civ. App.) 199 S. W. 868.

In his instructions to the jury the trial court told them that the words "new and independent cause," as used therein, meant "any cause as could have been reasonably foreseen by the defendant, and is that cause which is

unrestricted, free from external control and not dependent upon any other cause." Appellant insists the definition so far as it was that the phrase meant "any cause as could have been reasonably foreseen by the defendant" was erroneous. We think it was—due, no doubt, to an oversight in not using the word "not" after the word "could," so as to make the phrase read "any cause as could *not* have been reasonably foreseen by the defendant." However, the fact that the error was due to an oversight or clerical mistake we think cannot be said to have relieved the instruction of its tendency to mislead the jury.

Other contentions than those specified above are presented in the 68 assignments of error in appellant's brief. Those presented by the assignments numbered 24, 25, 28, 34, 36, 37, and 39 are overruled. The ones numbered 50 and 51 are sustained. The others present questions not likely to arise on another trial.

The judgment is reversed, and the cause is remanded to the court below for a new trial.