## BANKERS' LIFE CO. OF DES MOINES, IOWA, v. BUTLER.

### No. 2525.

Court of Civil Appeals of Texas. Beaumont.

June 29, 1934.

Rehearing Denied July 16, 1934.

A. A. Aldrich, of Crockett, and Boyles, Scott & Fahey, of Houston, for appellant.

Justice & Justice, of Athens, for appellee.

O'QUINN, Justice.

Appellee filed this suit in the district court of Houston county, Tex., on August 6, 1931. He alleged that appellant on July 14, 1928, issued two insurance policies on the life of his wife, Mrs. Jettie W. Butler, in the sum of $1,-000 each; that Mrs. Butler died on March 26, 1930; that the premiums on each of said policies were paid and that said policies were in full force and effect at the time of Mrs. Butler's death; that he, as beneficiary in each of said policies, furnished appellant due proof of the death of Mrs. Butler, and demanded payment of said policies, but that appellant refused to pay same. He prayed for judgment against appellant for $2,000, interest and costs.

Appellant answered by general demurrer, general denial, and specially that it issued the two policies on July 14, 1928; that the insured, Mrs. Butler, failed to pay the second annual premium on said policies which fell due on July 14, 1929, by reason of which said policies lapsed; that on application of Mrs. Butler, said policies were reinstated September 25, 1929; the reinstatement agreement providing that payment of the balance of the premiums owing would be extended until November 14, 1929, without days of grace, and that if the balance due upon said premiums was not paid on said date, the policies would lapse and become void; that Mrs. Butler failed to pay said balance due upon said premiums on November 14, 1929, and that because of said failure to so pay, each of said policies again lapsed; that on December 14, 1929, Mrs. Butler again applied for reinstatement of the two said policies and tendered to appellant the balance that was due upon the premiums on July 14, 1929; that in said application, which was in writing, Mrs. Butler agreed that each of said policies had lapsed prior to December 14, 1929, and warranted (1) that she was a housewife; (2) that she was in good health; (3) that she had not been associated with any one suffering from tuberculosis or other contagious disease; (4) that she had not been ill or injured within five years; (5) that she had not consulted, been treated or attended by a physician, surgeon, or practitioner within five years; (6) that she

was not pregnant. That Mrs. Butler agreed in her said application for reinstatement that the statements in her said application were made for the purpose of securing a reinstatement of the two lapsed policies and that said reinstatement of said policies would be void if said statements were untrue in any respect.

Appellant further answered and alleged that it reinstated the two policies in accordance with insured's said application, and, in doing so, it believed and relied upon the truth of the statements so made by the insured, Mrs. Butler, in her said application; that after the death of Mrs. Butler on March 26, 1930, it learned for the first time that said statements in said application were untrue and false, and that on account of these facts the reinstatement of said policies was null and void, and that said policies were not in force at the time of her death on March 26, 1930. Appellant tendered into court the full amount of the premiums due on July 14, 1929, which had been paid, together with interest, and prayed that appellee take nothing by his suit, other than the amount of premiums and interest tendered by it into court.

At the trial, the parties executed what is termed "a partial agreed statement of facts," and same was duly filed. As we gather this "partial agreed statement of facts" covered all the facts relating to the case, other than the truth or falsity of the answers and statements made by Mrs. Butler in her application for a reinstatement of the policy on December 14, 1299. That was the only issue upon which any evidence was offered.

At the conclusion of the evidence, appellant filed motion alleging that the burden of proof was upon it to establish by a preponderance of the evidence all the disputed issues, and praying that it be allowed to open and close the argument to the jury. This was refused.

The case was then submitted to a jury upon special issues, which were answered in favor of appellee, and judgment in his favor was accordingly rendered. From that judgment this appeal was taken.

■■■■ The first three assignments of error complain that the court committed reversible error in refusing appellant's motion that it be permitted to open and close the argument to the jury.

It appears from the record that this motion was made after the evidence was concluded, and before the argument to the jury was begun; the motion stating that:

"Comes now Bankers Life Company of Des

Moines, Iowa, defendant, and the court having overruled its motion for an instructed verdict, moves the court to allow it to open and close the argument to the jury for the following reasons:

"Because plaintiff and defendant have filed an agreed statement of facts in this case, on the 17th day of October, 1932, long prior to the trial of this cause in which statement all of the facts alleged in plaintiff's petition are admitted and the only issues which are in dispute are issues raised by defendant's pleading in which defendant seeks to avoid liability on account of certain alleged misstatements and breach of warranties in Mrs. Butler's application for reinstatement, dated December 14, 1929, and introduced in evidence in this cause, and defendant says further that the burden of proof will be on it to establish by a preponderance of the evidence all issues that will be submitted to the jury. Wherefore, premises considered, defendant moves the court to allow it to open and close the argument to the jury in this cause."

District Court Rule No. 31 provides: "The plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense, which may be established on the trial; which admission shall be entered of record, when the defendant, or the defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the cause."

It is manifest that appellant did not make any such admission as is provided for in this rule. To meet the requirements of the rule, the admission must not only be that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated by the facts of the answer constituting a good defense; that is, the admission must be such as to relieve the plaintiff from the necessity of offering any evidence to establish his case; but also the admission, to comply with the rule, must be made before the trial commences, not after the evidence is closed. McLain v. Robinson (Tex. Civ. App.) 269 S. W. 199; Mayfield v. Son (Tex. Civ. App.) 278 S. W. 462; Caldwell v. Auto Sales & Supply

Co. (Tex. Civ. App.) 158 S. W. 1030; Smith v. Traders' National Bank, 74 Tex. 541, 12 S. W. 221. The assignments are overruled.

The fifth assignment of error complains of improper argument on the part of appellee's counsel in discussing special issue No. 5 to the jury, and insists that said argument was prejudicial and constitutes reversible error.

Special Issue No. 5 reads: "Do you find from a preponderance of the evidence that Mrs. Jettie W. Butler suffered an injury to her breast within five years prior to December 14, 1929?"

The evidence shows without dispute that the two policies issued on the life of Mrs. Butler lapsed on November 14, 1929, for failure to pay premiums then due thereon. That Mrs. Butler on December 14, 1929, filed written application for reinstatement of said policies and tendered full payment of said past-due premiums. That in said application for reinstatement Mrs. Butler was required to and did answer certain questions among which were: (a) Whether she had been ill or injured within five years; and (b) had she consulted with, been treated or attended by a physician, surgeon, or practitioner within five years before that date, to each of which questions she answered, "No." In its answer appellant specially· pleaded that each of these answers were untrue; that in permitting the reinstatement of the two lapsed policies it believed in the truth of and relied upon the correctness of Mrs. Butler's answers to said questions, but only after her death did it learn that same were false.

It was contended by appellant that shortly before her death Mrs. Butler suffered an injury to her breast for which she was treated at a hospital and by a physician. Special issue No. 5, supra, was submitted as to this contention. The matter was closely contested. In his opening argument to the jury, counsel for appellee said: "I don't know what you call an injury. I believe the evidence shows that she had some kind of a scratch on her breast and went to the sanitarium and a nurse put some liniment on it and it stayed there several days; if you want to call that an injury, all right, but that is not the kind of an injury you are asked about. If you are going to answer that question 'Yes', I say no man living can collect an insurance policy."

· Appellant's counsel objected to this argument as being wholly irrelevant and outside of the record, and because the question was one which the jury was to determine from the facts in the case and without regard to the effect of their answer.

The court overruled this objection, and in doing so stated to the jury: "The only purpose the jury have in answering the question is to answer the question and not whether one can collect an insurance policy or not." The bill of exceptions was approved without qualification.

We think the argument was improper and prejudicial. It plainly told the jury that it was necessary for them to answer the question "No," if appellee was to recover, and went further and told the jury that no man living could collect an insurance policy if they answered the issue in the affirmative. It is held to be reversible error for an attorney to tell the jury in his argument the legal effect of their answers. The Supreme Court, speaking through Judge Critz of the Commission of Appeals, in discussing this question, in Mc-Faddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213, 216, said: "Clearly, the prime object, purpose, and intent of the law for submitting cases on special issues is to remove the jury from any bias in favor of, or prejudice against, either party to the suit, to relieve them from the duty of directly passing on who shall prevail in the suit, and to make it the duty of the jury to answer each question truly as they find the facts to be from the evidence, without regard to what the result of their answers may be. If the court or the attorney, or any one else, is allowed to tell the jury the legal result of the answers, and to appeal to them in argument to so frame their answers so as to accomplish a result rather than to answer the issues truly as they find the facts to be from the evidence, or if the jury is permitted to agree on the result, and then designedly form the answers to accomplish such result, the law providing for special issue verdicts would be an idle and vain thing."

See, also, Morgan v. Maunders (Tex. Civ. App.) 37 S.W.(2d) 791; Consolidated Underwriters v. Murphy (Tex. Civ. App.) 29 S.W. (2d) 831; Clements v. Wright (Tex. Civ. App.) 47 S.W.(2d) 652. Numerous decisions so holding could be cited.

Other assignments are presented, but as the matters urged may not arise upon another trial they will not be discussed.

The judgment is reversed, and the cause remanded for another trial.