### KASCH et al. v. ANTON et ux.

### No. 8064.

Court of Civil Appeals of Texas. Austin.
April 17, 1935.

R. H. Mercer, of San Antonio, and R. E. McKie, of San Marcos, for appellants.

C. F. Richards, of Lockhart, J. R. Fuchs, of New Braunfels, and Will G. Barber, of San Marcos, for appellees.

BAUGH, Justice.

This suit arose out of a collision between a Ford coupé, belonging to and driven by Herman Anton, and a 1½-ton Chevrolet truck, owned by Ed. Kasch and driven by Gregorio Flores, his employee, on the highway between San Marcos and Lockhart, near the village of Martindale, on January 5, 1933. Anton and his wife were en route from San Marcos to Lockhart. At the place of collision, a rural road crossed the highway at right angles. The driver of the truck undertook to cross the highway approaching from

Anton's left-hand side, and was struck by the front end of Anton's car near the cab of such truck, while Anton was traveling on his right-hand side of the highway. Both the car and the truck were practically demolished, and Anton's wife seriously injured. The damages sought were for personal injuries to both Anton and his wife, and for damages to his car. The case was tried to a jury upon special issues and upon their answers thereto judgment rendered against Kasch and Flores jointly and severally for $10,637, of which $10,000 was for personal injuries to Mrs. Anton. Hence this appeal.

The grounds of negligence alleged as against Flores, the driver of the truck, were: Failure to keep a proper lookout in approaching said highway; failure to sound his horn or otherwise indicate his intention to cross the highway; and failure to yield the right of way to Anton who was approaching the intersection on the main thoroughfare from Flores' right. And as against Kasch, failure to instruct his employee, Flores, in the "law of the road," as embodied in subdivision (E) of article 801, Penal Code 1925.

In addition to general and special exceptions and general and special denials, appellants alleged in defense that Anton was guilty of contributory negligence, proximately causing the collision, among other things, in the following respects, all of which were submitted to the jury: In the rate of speed at which he was traveling as he came to said road intersection; in failing to keep a proper lookout; in failing to apply his brakes or otherwise slow down; in failing to sound his horn; in failing to stop or slow down so as to enable Flores to cross said highway; in driving his car with its windshield blurred and defective; in attempting to pass in front of said truck at a dangerous rate of speed; in failing to keep his car under proper control after seeing the truck approaching the intersection; in speeding up his car after he discovered the truck approaching the intersection; and, lastly, that the collision was an unavoidable accident.

The case was submitted to the jury on 42 special issues. The first ten of these presented the issues of negligence alleged against Kasch and Flores; issues 11 to 23, the elements and amounts of damage; and issues 24 to 38, the defenses of contributory negligence charged against Anton. The other special issues are unimportant here.

The first contention made by appellants relates to argument of appellees' counsel to the jury. The argument complained of was as follows: "My associates have called your attention as to how these issues should be answered, that issues numbers one to 23 inclusive should be answered 'yes'. The defendant Kasch will lose nothing by your verdict if your answers are confusing and contradictory. The plaintiff needs every issue answered without a conflict to win. What I am trying to say to you is that the plaintiff is trying to get a verdict, and if your answers are conflicting there will be nothing for the court to do but to set aside your verdict and it will be all to do over again. If you gentlemen see the case as we do, and if the facts call for it, we are entitled to have the first 23 issues, except those calling for an amount, answered 'yes,' and the balance of them answered 'no,' except as to amounts of money; and the last issue we feel should be answered that it was not the result of an unavoidable accident."

The objection made and overruled was that it was an attempt to tell the jury the legal effect of their answers to the questions asked. The jury answered the first 23 questions, except as to amounts, "Yes"; and answered the next fifteen "No," some of which, based upon a preceding question, they were instructed by the court that they need not answer. As was stated in H. E. & W. T. Ry. Co. v. Sherman (Tex. Com. App.) 42 S.W.(2d) 241, 247, it would appear, therefore, that the jury followed the suggestion of counsel in answering said questions, rather than the instruction of the court.

We think that the effect of the argument above quoted was to tell the jury that if the plaintiffs were to recover, the questions referred to must be answered as suggested by counsel. While counsel intimated that to answer them otherwise would create a conflict, nullifying their verdict, such would not have been the result. Finding Anton guilty of contributory negligence would create no conflict with finding the defendants guilty of negligence. A request of counsel that the jury avoid a conflict in their findings, going no further than that, would not constitute error. Indemnity Ins. Co. v. Garsee (Tex. Civ. App.) 54 S.W.(2d) 817, 820. But counsel in the above-quoted argument, we think, went much further than that. And it has been repeatedly held that it is error for counsel to inform the jury how they must answer special issues to enable the plaintiff to recover. Such method of answering special issues is inimical to the very purpose of submitting a case on special issues, a method designed to elicit findings of the jury, under the evidence, on the issues made irrespective of the

result of their findings upon the final judgment of the court thereon. McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213; Texas & P. Ry. Co. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477; H. E. & W. T. Ry. Co. v. Sherman, supra; Dallas Ry. & Terminal Co. v. Bankston (Tex. Com. App.) 51 S.W.(2d) 304; Speer's Law of Special Issues, § 326; Clements v. Wright (Tex. Civ. App.) 47 S.W.(2d) 652.

It appears, however, from the trial court's qualification of appellants' bill of exception that substantially the same method of argument was adopted by counsel for appellants. That one of appellants' counsel in his argument to the jury in effect admitted that Flores was guilty of negligence, but insisted that Anton was guilty of contributory negligence, and, after discussing issues 24 to 38, told the jury that if "from the evidence, they found and answered that the plaintiff was guilty of any act of contributory negligence, that he was not entitled to recover one cent in this cause." From the court's qualification of the bill, therefore, it appears that the improper argument was invited, and that counsel for appellants committed the same errors of which they complain here. Since we have concluded that the case must be reversed for other reasons, the foregoing issue is discussed in view of another trial.

▮ The next contention which we deem it necessary to discuss complains of the manner in which the trial court, over appellants' objection, submitted the issues of contributory negligence of Anton, pleaded by appellants and raised by the evidence. While the various grounds of contributory negligence alleged were separately submitted, and separate complaints are made as to each of them, the same error is charged as to all and equally applicable to each. We will, therefore, discuss only special issue No. 25 as typical. This issue reads as follows: "Do you find from a preponderance of the evidence, that Herman Anton was guilty of contributory negligence, as that term is hereinbefore defined, in failing (if he did) to keep a proper lookout as he continued toward the intersection after seeing the Flores truck? Answer 'yes' or 'no' as you may find the fact to be."

To which issue the jury answered, "No."

To this issue appellants objected and tendered separate issues inquiring: (1) Whether Anton failed to keep a proper lookout as he approached the road intersection; (2) whether such failure, if so found, was negligence; and (3) if so, was it a proximate cause of the collision. Undoubtedly, the issues re-

quested by appellants constituted a proper method of submission. That the issue as presented to the jury was duplicitous there now seems to be no question. Texas-Louisiana Power Co. v. Bihl (Tex. Civ. App.) 43 S.W.(2d) 294; Stinnett v. Paramount-Famous Lasky Corp. (Tex. Com. App.) 37 S.W.(2d) 145; K. C., M. & O. Ry. Co. v. Foster (Tex. Civ. App.) 54 S.W.(2d) 270; Clements v. Wright, supra.

In the case of Postal Tel. Cable Co. v. Darkins (Tex. Civ. App.) 26 S.W.(2d) 441, Supreme Court 44 S.W.(2d) 933, a question materially, if not identically, the same as here presented was involved, and therein condemned, and the jury's affirmative answer thereto held to amount to no finding at all. We think it is immaterial how the jury may or may not answer such improper question. In K. C., M. & O. Ry. Co. v. Foster, supra, the jury answered a similar question "No." The result is, we think, the same in either event. A defendant, under a plea of contributory negligence, is entitled to have each issue of his defense made by the pleadings and the evidence submitted separately and distinctly as much so as is the plaintiff on a charge of primary negligence. Such are the provisions of the statutes (article 2189, R. S. 1925 and article 2190, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann. Civ. St. art. 2190), and the well-settled rules of decision. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; New Nueces Hotel Co. v. Sorenson (Tex. Com. App.) 76 S.W.(2d) 488; Ullrich v. Schramm (Tex. Civ. App.) 64 S.W.(2d) 1041; Meinen v. Muesse (Tex. Civ. App.) 72 S.W.(2d) 931.

Appellees earnestly insist, however, that a different situation here exists, in that said issue complained of was defensive, and had the issue been submitted in three questions, as requested by appellants, a negative answer to any one of them would have barred the defense of contributory negligence; that the necessary result of the jury's answer to said question as presented was either that Anton did not fail to keep a proper lookout, or that, if he did so fail, his failure was not negligence; and that consequently the error, if any, was harmless. With this we cannot agree. If the conclusion reached in the Darkins Case, supra, be correct, it applies with equal force to a negative answer as to an affirmative answer. True the jury could have found the facts alleged, but that such facts did not constitute negligence on the part of Anton; or that if negligent that such negligence was not a proximate cause of the collision. Such a conjecture cannot be indulged, however, as against the rights of a litigant

to have his case properly presented when he has requested the trial court to do so. It is equally as conceivable that a jury might find facts alleged but that same did not constitute negligence, when the existence of the facts found might constitute contributory negligence as a matter of law. Or, that they might find the existence of negligence, but that such negligence was not a proximate cause of the injury, whereas, such negligence might, as a matter of law, constitute a proximate cause, necessitating a disregard of the negative answer of the jury. The application of the well-settled rule announced in Fox v. Dallas Hotel Co., and repeatedly reannounced since then, cannot, therefore, be made to depend upon how the jury answers an improperly presented issue.

The same question is presented with regard to the submission of other grounds of contributory negligence alleged, but the same rule applies, and, as above stated, it is unnecessary to discuss them separately here. The error need not occur upon another trial.

■■ The next contention made by appellants raises the question whether Kasch was guilty of negligence in failing to instruct his servant, Flores, of the provisions of the "law of the road." That is, the provisions of subdivision (E) of art. 801, Penal Code. Appellees pleaded such failure of Kasch as negligence. Appellants excepted to such pleadings, objected to the introduction of evidence thereon, and to the submission of such issue to the jury. Clearly we think it was erroneously submitted, and should have been stricken from the pleadings. However violent the presumption may be that every man knows the law, it nevertheless conclusively prevails. Such presumption applied as much to Flores, or Anton, as it did to Kasch; and it would be a strange doctrine of negligence to hold that Kasch was negligent in failing to tell Flores something that he is in law conclusively presumed to know. No more duty rested upon Kasch to inform Flores of the provisions of this subdivision of art. 801, Penal Code, than to inform him of the provisions of any or all of the other 13 subdivisions of said article; or, for that matter, of any provision of the Penal Code relating to the use of motor vehicles upon the highways. The master is liable for the negligent acts of the servant done within the scope of his employment and in furtherance of the master's business; but certainly negligence of the master cannot be predicated upon his failure to instruct his servant in the law of the land. This portion

of appellees' pleadings should have been stricken, the evidence on said issue excluded, and the issue should not have been submitted to the jury.

Other contentions are made in appellants' brief relative to discovered peril and unavoidable accident; but under the record as presented we do not think the evidence raised them, and pretermit a discussion of them here. What we have said disposes of the material questions raised, and the errors pointed out require a reversal of the cause. The judgment of the trial court will therefore be reversed, and the cause remanded for another trial.

Reversed and remanded.