## BURKE v. NEW ENGLAND FIRE INS. CO.

### No. 3129.

Court of Civil Appeals of Texas. Beaumont.

June 4, 1937.

Rehearing Denied June 9, 1937.

Howth, Adams & Hart, of Beaumont, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, for appellee.

COMBS, Justice.

This suit was instituted by appellant, A. C. Burke, to collect $1,500, the face amount of a fire insurance policy issued by the appellee, which will be referred to as the insurance company. The policy covered a rent house which was vacant at the time it burned. The insurance company defended on the ground, among others, that the plaintiff either burned the house or had it burned for the purpose of collecting the insurance. That issue, as well as others, was controverted. On a trial to a jury the jury found by special issue 18 that plaintiff did not burn the house. But in response to issue 19 they found that he caused it to be burned. And by answer to issue No. 21 they found that he did not have it burned for the purpose of collecting the insurance. The trial court entered judgment denying recovery, and the plaintiff has appealed.

The case will have to be reversed because of the following improper argument of counsel for the insurance company: "Gentlemen, if you answer Special Issues Nos.

18, 19, 20 and 21 'yes' you will teach this plaintiff, A. C. Burke, that he cannot burn houses and collect insurance from insurance companies of this country. This plaintiff will have no more mysterious and unexplained fires destroying his property if he learns that he cannot collect insurance for them at the hands of a jury; and the way for this jury to teach him that is to answer Special Issues Nos. 18, 19, 20 and 21 'yes.'"

That such argument constituted reversible error, under the holdings of our Supreme Court, is not open to question. See McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213; Fidelity Union Casualty Co. v. Cary (Tex.Com.App.) 25 S.W.(2d) 302. See, also, Bankers' Life Ins. Co. v. Butler (Tex.Civ.App.) 73 S.W.(2d) 664, and Texas Indemnity Ins. Co. v. Montgomery (Tex.Civ.App.) 100 S.W.(2d) 385, both by this court.

Two other assignments are presented, but, since both pertain to matters which will probably not arise on another trial, we do not discuss them.

Judgment reversed and cause remanded.