## J. C. STOUT LUMBER CO. v. MOUTON.
### (No. 1518.)

Court of Civil Appeals of Texas. Beaumont. April 4, 1927.

1. **Appeal and error ⬅═▷713(3)—Trial court's rulings on demurrer must be shown by judgment or formal written order, and is not reviewable by bills of exception.**

Trial court's rulings on demurrers, general and special, must be shown by judgment or by some formal written order of the court entered on its merits, and such rulings cannot be presented for review by bills of exception.

2. **Damages ⬅═▷148—Petition in action for personal injuries should allege that doctor's bills and hospital bills were reasonable.**

Petition in suit to recover damages for personal injuries should in alleging doctor's bills and hospital bills allege that such bills or charges were reasonable.

3. **Trial ⬅═▷352(5)—Issue submitted in personal injury action relative to negligence in failing to furnish safe tools held erroneous in assuming such failure.**

Special issue submitted by court in action for personal injuries, relative to defendant's negligence in failing or refusing to furnish plaintiff with safe tools with which to work, *held* erroneous in that it assumed failure to furnish safe tools with which plaintiff was to do work he was doing at time of injury.

4. **Trial ⬅═▷215—General charge should not be given in case submitted on special issues, except as guide to jury or to define legal terms.**

General charge or instruction to jury should not be given where case is submitted on special issues, except where it is necessary to guide jury in answering some one or more of special issues, or to properly define legal terms used in charge.

5. **Master and servant ⬅═▷101, 102(8)—Employer need only use ordinary care to furnish employee reasonably safe appliances.**

Employer's measure of duty to employee is to use ordinary care to furnish employee reasonably safe tools or appliances with which to do work he was directed to do, and if employer used ordinary care in that respect, he is not liable to employee for injuries sustained in using such tools.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by George Mouton against the J. C. Stout Lumber Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Dycus & Shivers, of Port Arthur, for appellant.

Wistner & White, of Port Arthur, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, George Mouton, in the Fifty-Eighth district court of Jefferson county, against J. C. Stout, the appellant, who was engaged in the lumber business under the trade-name of J. C. Stout Lumber Company, the plaintiff seeking to recover damages for personal injuries alleged to have been sustained by him in consequence of negligence on the part of appellant. The case was tried with a jury and was submitted upon special issues, and resulted in a verdict and judgment in favor of appellee for $1,250.

The cause of action, as made by the plaintiff's petition, substantially stated, was as follows: He alleged that on or about the 11th of March, 1925, he was in the employ of appellant at his lumber yard in the city of Port Arthur, and that on that day he was directed by appellant to put an iron clasp on one of the doors of a lumber shed, so that the door might be fastened when necessary; that appellant negligently failed to furnish plaintiff reasonably safe tools with which to do the work of putting the clasp on the door; that appellant should have furnished to plaintiff a hammer so as to enable him to put the clasp on the door, but that instead appellant furnished to plaintiff an iron window weight for his use in putting the clasp on the door, and that the window weight was not a proper or reasonably safe tool for plaintiff's use in putting the clasp on the door, and that appellant was guilty of negligence in furnishing the window weight to plaintiff and directing him to use it in putting the clasp on the door; that while plaintiff was nailing the clasp on the door with the window weight, it broke and caused his forefinger or index finger on his right hand to be so injured that it became necessary to have the finger amputated; and that as a result of such injury plaintiff suffered much physical pain and mental anguish, and incurred doctor's bills and hospital bills in treating his injury, and that in consequence of the loss of the finger his earning capacity to labor and earn money had been greatly reduced; and that his damages, in the aggregate, in consequence of the injuries, was $10,000, for which he sued.

Appellant answered by general demurrer,

a number of special exceptions, general denial, and by plea of contributory negligence and assumed risk.

Appellee replied by supplemental petition, and, among other things, alleged that at the time he was injured appellant had in his employ three or more employees, and that appellant was subject to the Employers' Liability Act of this state (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), and that the defenses of contributory negligence and assumed risk could not be interposed by appellant.

[1, 2] There is nothing in the judgment rendered by the trial court showing any action upon the general demurrer and special exceptions interposed by appellant, nor do we find in the transcript any order of the court touching the general demurrer and special exceptions, but appellant attempts to present by bills of exception the rulings of the court on the general demurrer and special exceptions. It is well settled in this state that the trial court's ruling on demurrers, general and special, must be shown by the judgment or by some formal written order of the court entered upon its merits, and such rulings cannot be presented for review by bills of exception. We therefore overrule all of appellant's contentions that the court was in error in refusing to sustain certain special exceptions interposed by him to the sufficiency of appellee's petition. In view of the fact that the case may be tried again, we would here call attention to the insufficiency of certain allegations in the plaintiff's petition touching doctor's bills and hospital bills. It was not alleged that these bills or charges were reasonable, and, if the case should be again tried, the petition should be amended in this respect.

[3] Special issue No. 2, submitted by the court for the jury's answer, was as follows:

"Was the defendant negligent in failing or refusing to furnish the plaintiff with safe tools with which to work? Answer 'yes' or 'no' as you may find the fact to be."

The jury answered this issue in the affirmative. At the proper time appellant objected to the form of this special issue, on the ground, in substance, that it assumed that appellant did fail to furnish to appellee safe tools with which to do the work that he was doing at the time he was injured. The court overruled appellant's objection, and its action in doing so was duly excepted to by appellant, and is properly presented here for our review. It is clear that issue No. 2 does assume that appellant failed to furnish to appellee safe tools with which to do the work he was doing at the time he was injured, and therefore it was error on the part of the trial court to overrule appellant's objection, and for that error this judgment must be reversed.

As we have stated, the case was submitted to the jury upon special issues, but the court

293 S.W.—44

also, at the request of counsel for appellee, gave the jury the following special charge:

"Gentlemen of the jury, you are instructed that it is the duty of the employer to furnish to the employee safe and suitable tools with which to work, and if he fails or refuses to do so, and the employee is injured thereby, the employer would be liable in damages in whatever amount as would reasonably compensate the plaintiff for the damage."

[4, 5] In due time appellant objected to this special charge, on the ground that it was in the nature of a general charge and should not be given to the jury in a case submitted upon special issues. The court overruled this objection, and appellant duly saved the point. It is clear that the special charge here complained of was in the nature of a general charge or instruction to the jury, and, since the case was submitted upon special issues, this charge should not have been given. Railway Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Dallas Hotel Co. v Fox (Tex. Civ. App.) 196 S. W. 647; Ft. Worth & D. C. Ry. Co. v. Morrow (Tex. Civ. App.) 255 S. W. 674; La Grone v. C. R. I. & G. Ry. Co. (Tex. Civ. App.) 169 S. W. 101; Youree v. Bradley (Tex. Civ. App.) 275 S. W. 410; Freeman v. G. H. & S. A. Railway Co. (Tex. Com. App.) 287 S. W. 902. All of the authorities agree that where a case is submitted upon special issues under our statute no special charges or instructions in the nature of a general charge should be given by the court of its own volition or at the request of either party, and no special charge or instruction of any character should be given the jury, where the case is submitted upon special issues, except where it is necessary to guide the jury in answering some one or more of the special issues, or where it is necessary to properly define legal terms used in the charge. It is clear that the special charge here under consideration was not necessary to guide the jury in answering any special issues submitted by the trial court, nor was it a definition of any legal terms used in the court's charge. Therefore the giving of this special charge was error. It was not only error to give this special charge because it was in the nature of a general charge, but the charge was also affirmatively erroneous in that it told the jury, in effect, that appellant's duty to furnish to appellee reasonably safe tools with which to do the work he was doing was absolute, and that if appellee was injured in consequence of appellant's failure to furnish safe tools, appellee was entitled to recover, regardless of any degree of care that appellant might have used in furnishing the tools with which the work was done. Appellant's measure of duty to appellee was to use ordinary care to furnish to appellee reasonably safe tools or appliances with which to do the work he was directed to do, and, if appellant used ordinary care in that respect, he

would not be liable to appellee for the injury sustained by him. Eastern Texas Electric Co. v. Tucker (Tex. Civ. App.) 187 S. W. 71, and authorities there cited.

We think that none of the other matters presented for review by appellant show any reversible error, and they are therefore overruled. For the reasons stated above, the judgment is ordered reversed and the cause remanded.