**SAN ANTONIO PUBLIC SERVICE CO. v. SMITH et al.**

**No. 1318.**

Court of Civil Appeals of Texas. Waco.
Feb. 2, 1933.

Rehearing Denied Feb. 23, 1933.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

P. H. Long, of San Antonio, for appellees.

ALEXANDER, Justice.

Mrs. Sam Smith's automobile collided with a street car, resulting in personal injuries to Mrs. Smith. She and her husband sued the street car company for damages. The jury, in answer to special issues, found that the defendant's servant in charge of the street car was negligent in failing to yield the right of way to Mrs. Smith, and that said employee failed to keep such a lookout for Mrs. Smith as a person of ordinary prudence would have kept, and that each of such acts of negligence directly caused or directly contributed to the injuries sustained by Mrs. Smith. The jury assessed the damages at $4,000, and judgment was entered for the plaintiffs accordingly. The defendant appealed.

The appellant's street car track, which is a single track, runs north on New Braunfels avenue to Grayson street, where it turns west. On the occasion in question the street car had proceeded north on New Braunfels avenue to the south line of Grayson street where it stopped to await a change in the signals. Mrs. Smith was proceeding south on New Braunfels avenue. Whether she had previously reached the north line of Grayson street and had stopped to wait until the sig-

nals changed, or whether she came upon the scene after the signals changed, is a disputed question. When the signals changed, the street car turned to the left on Grayson street. Before it fully completed the turn, the rear end of the street car came in contact with the front end of Mrs. Smith's automobile. There was considerable dispute in the testimony as to who was to blame for the collision. Some of the witnesses testified that the street car turned the corner suddenly and so quickly after the signals changed as not to give Mrs. Smith a reasonable opportunity to pass on the west side of the street car, and that by reason thereof she was forced into a position where she could not avoid the collision. Other witnesses testified to facts showing that Mrs. Smith negligently ran her automobile against the rear end of the street car. All of the defendant's employees who were in charge of the street car and several of the passengers who were on the street car at the time of the collision testified in appellant's behalf. With the record in this condition, counsel for appellees in his argument to the jury, said in part as follows:

"Now, there has been a great deal of effort on my part to try to determine just how many passengers there were on that street car. I wanted the jury to have all the facts before them, and if there were any passengers on that car that knew anything about this case, the undisputed evidence in this case shows that the street car men got the names of those passengers, and I wanted those passengers to come in here and tell you gentlemen what they saw, so that you could have all the facts before you. Gravel and Perry both testified that after this car stopped down there at the stop, a lady passenger got off, that she was the only passenger they saw get off the car. Did they produce that lady passenger? Isn't it quite likely, gentlemen, that if that lady passenger had been produced on this witness stand, that she might have told you something that transpired there a little different from their star witness, Mr. Henson? * * *

"Now, then, where are the other passengers on the car, if there were any there? Where is this lady passenger? They got her name; the conductor and the motorman said that the names were taken. Why isn't she produced here so as to tell you gentlemen what she saw? And not having been produced, you gentlemen have the right in your own minds to conclude that the reason they did not produce her was because her testimony was not favorable to them, but would favor Mrs. Smith. * * *

"But they never have accounted for why that lady passenger wasn't brought in here. We didn't have her name. And if she had been brought in here you gentlemen may rest

assured that you have the right to consider that whatever that lady passenger may have said would have been favorable to this little woman—and that accounts for her absence."

We believe that this argument requires a reversal of the case. The woman passenger who was not placed on the witness stand was not in the employment of the company, and did not appear to be under its control. There is nothing in the record to show where she lived, nor that she was within the jurisdiction of the court at the time the case was tried. Neither was there any evidence that she saw the collision nor that she was in possession of any other information material to the case. The fact that the street car company did not find this missing passenger and place her on the witness stand was not a legitimate subject for comment, and it was improper for counsel for appellees to tell the jury that they could consider that whatever the missing witness would have testified to would have been favorable to appellees. What such witness would have testified to if she had been placed on the witness stand was a matter of pure conjecture. Argument very similar to this has been condemned many times. Metropolitan Street Railway Co. v. Roberts (Tex. Civ. App.) 142 S. W. 44; Lottman v. Cuilla (Tex. Com. App.) 288 S. W. 123; Robbins v. Wynne (Tex. Com. App.) 44 S.W. (2d) 946; Proctor v. Cisco & N. E. Ry. Co. (Tex. Com. App.) 277 S. W. 1047; Morgan v. Maunders (Tex. Civ. App.) 37 S.W.(2d) 791.

■■ Mrs. Smith's chief complaint was that the injury to her produced a miscarriage. Two physicians, Dr. Coyle and Dr. Kelley, testified that about five years previous to the accident in question they performed an operation on Mrs. Smith which would prevent pregnancy. Their evidence was supported by the hospital records made by Dr. Coyle at the time of the operation. There was no material conflict in the testimony of these two witnesses, and there was no circumstance whatever indicating that the hospital records had been altered. Counsel for appellees in his argument to the jury asserted that the facts stated in the hospital records as to Mrs. Smith's previous history and as to the character of operation performed on her were untrue, and accused Dr. Coyle of deliberately lying, and charged that he had altered and falsified the hospital records for the deliberate purpose of defeating a recovery by Mrs. Smith. Among other things, he said: "I still firmly believe that that record was made by Coyle after he found out it would be used in this suit, and that he deliberately falsified the records." He referred to the fact that the nurses and others were present at the time the operation was performed, and

asked why the appellant had not brought them into court to prove the kind of operation that was performed. Proceeding further, he said: "Don't you know that if those other witnesses were not produced, that it was because they could not get the favorable testimony they wanted?" Such argument was improper and wholly without justification. The nurses and others who witnessed the operation were as much within the control of appellees as they were within the control of the appellant, and counsel had no right to assume that their testimony would have been favorable to appellees. His attack upon Dr. Coyle, accusing him of having altered and falsified the hospital records, was wholly without justification. When a witness takes the stand and testifies in a case, and there are circumstances reasonably indicating that he has falsified, an attorney is justified in exposing the falsehood and in criticizing the witness for his conduct; but when a witness, in order that the ends of justice may be subserved, is compelled, under the process of the court, to appear and testify, and there are no circumstances in the record justifying the inference that he has falsified, he is entitled to the protection of the court, and an attorney should not be permitted to thus vilify the witness.

■ The bill of exception shows that counsel for appellant interrupted appellees' attorney in his argument and protested said statements, but, before he could complete his objections, was informed by the trial court that it was not the proper time to make such objections, and that he should not thus interrupt the attorney for the appellees. The court should have sustained said objections and instructed the jury not to consider such argument.

■ The trial court, in submitting the case to the jury, submitted special issue No. 1, which was as follows: "Was the defendant negligent in failing to yield the right of way to plaintiff, Mrs. Sam Smith?"

This issue was not preceded by any issue inquiring whether or not the defendant's employee failed to yield the right of way. We are of the opinion that this issue was upon the weight of the evidence and improperly assumed that the appellant's employee who was in charge of the street car in question failed to yield the right of way to Mrs. Smith.

The other errors assigned will not likely arise in the same way on another trial, and we do not consider it necessary to discuss such assignments. On account of the errors herein pointed out, the judgment of the trial court is reversed, and the cause remanded for a new trial.