## SAN ANTONIO AMUSEMENT CO. v. EASTERLING.

No. 9314.

Court of Civil Appeals of Texas. San Antonio.

April 11, 1934.

Rehearing Denied May 9, 1934.

Eskridge & Groce and Geo. S. Rice, Jr., all of San Antonio, for appellant.

Carter & Lewis, of San Antonio, for appellee.

MURRAY, Justice.

Appellee, Miss Sibyl Easterling, instituted this suit seeking a recovery against appellant, San Antonio Amusement Company, for damages alleged to have been sustained by her while attending the Aztec Theatre, as a patron and invitee. The Aztec Theatre was operated by appellant. Appellee alleged that she sustained damages from a fall which occurred while she was descending a stairway in the theater. Appellee alleged several items of negligence which are set out in her petition, as follows:

"Plaintiff avers that the defendant Company negligently caused and permitted the carpeting on the steps of said stairway to be very thickly and heavily padded; and the defendant negligently caused and permitted the carpeting on the steps at the point where the plaintiff was caused to fall to be loose, so that it moved and slipped; and the defendant negligently caused and permitted said carpeting to wrinkle and bulge; and the defendant negligently failed to have the stairway at said point properly lighted, and negligently caused and permitted the light at said point to be dim and inadequate for the safety of persons using said stairway.

"Each of the aforesaid acts of negligence on the part of the defendant Company was a separate act of negligence, and each proximately caused and proximately contributed to the plaintiff's fall and her injuries."

The trial was before a jury, and upon its answers to the questions propounded judgment was rendered in appellee's favor in the sum of $5,000. The San Antonio Amusement Company has brought this appeal.

The only item of negligence found by the jury upon which this judgment can be based is their answer to special issue No. 3, which was as follows:

"(3) At the time and place of the accident, if any, did the defendant company cause the light on the stairway to be dim and inade-

quate for the safety of persons using said stairway?" To which the jury answered "Yes."

Appellant excepted and objected to this issue, among other reasons, because: "Furthermore, as the question now stands it is clearly leading and suggestive and upon the weight of the evidence and assumes that the light on the stairway was dim, or the question is duplicitous in that it asks the jury as to whether or not the light on the stairway was dim and in the same question asks whether or not the defendant company caused such condition."

We conclude that this special issue was subject to the objection that it was either upon the weight of the evidence or duplicitous. Under the evidence, it was a controverted issue of fact as to whether or not the light on the stairway was dim, and it was also a controverted issue of fact as to whether or not appellant had through its agents or employees caused such lights to be dim. Appellee contends that there is no fact issue as to whether or not appellant caused the lights to be in whatever condition they were at the time of the accident. We think there was such an issue. There is no direct evidence that appellant, through any of its agents or employees, turned off or otherwise dimmed the lights on the stairway. Such evidence as there is on this matter is circumstantial, and it is in nowise conclusive; therefore the jury, being the trier of facts, was the proper agency to determine this issue and to draw the proper inference to be deducted from this circumstantial evidence. It is clear that the question as framed submitted two controverted issues of fact in one question. Article 2189, R. S. 1925, in setting forth the duties of the court in the submission of a case on special issues, provides, among other things, that: "Such special issues shall be submitted distinctly and separately. Each issue shall be answered by the jury separately."

There are numerous authorities holding that the submission of two or more controverted fact issues in one question is error. Turner v. Dinwiddie (Tex. Civ. App.) 276 S. W. 444; Shaller v. Allen (Tex. Civ. App.) 278 S. W. 873; Panhandle & S. F. Ry. Co. v. Parrish (Tex. Civ. App.) 281 S. W. 887; McFaddin v. Hebert, 118 Tex. 314, 15 S.W.(2d) 213; J. M. Radford Grocery Co. v. Andrews (Tex. Com. App.) 15 S.W.(2d) 218; Shaver v. Mason (Tex. Civ. App.) 13 S.W.(2d) 450; San Antonio Public Service Co. v. Smith (Tex. Civ. App.) 57 S.W.(2d) 179; Wood v. Williams

(Tex. Civ. App.) 46 S.W.(2d) 332; Panhandle & S. F. Ry. Co. v. Sedberry (Tex. Civ. App.) 46 S.W.(2d) 719.

■ It might be argued that the court assumed one of these issues to be true and intended to inquire about the other. It is equally as erroneous to assume a controverted issue of fact in a question as it is to submit two issues in one question. Crow v. Monroe (Tex. Civ. App.) 273 S. W. 886; Turner v. Dinwiddie (Tex. Civ. App.) 276 S. W. 444.

■ Appellee has vigorously attacked the sufficiency of appellant's assignment as to the above proposition, in that appellant did not except to the court's action in overruling his objections and exceptions to the court's main charge.

Article 2185, R. S. 1925, in giving the requisites of the court's charge, says: "It shall be prepared after the evidence has been concluded and shall be submitted to the respective parties or their attorneys for inspection, and a reasonable time given them in which to examine and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

We take it that, when objections are so made and presented, they are not waived. Appellant's exceptions and objections to the court's main charge begin with the following language: "Comes now the defendant, San Antonio Amusement Company, and at the close of all of the evidence, and prior to the reading of the court's main charge to the jury, makes and files the following as its objections and exceptions to the court's main charge, after having duly presented same to opposing counsel."

The transcript discloses that such objections and exceptions were overruled by a written order of the trial judge in the following language:

"The objections and exceptions of the defendant to the Court's Charge being presented to the court and to opposing counsel prior to the reading of the Court's main charge to the jury the court is of the opinion that the same should be overruled.

"It is therefore ordered, adjudged and decreed that the objections and exceptions of the defendant, San Antonio Amusement Company, to the Court's Main Charge, be and the same hereby are in all things overruled."

As will be seen from the above, both the objections and exceptions and the court's or-

der disclose that article 2185, supra, was fully complied with by appellant, and we conclude that this was sufficient to properly reserve appellant's objections to the main charge, and that they were not waived by the court's order failing to show that appellant excepted to the court's action in overruling its objections. 3 Tex. Jur. 498.

As this cause must be reversed for another trial, we will refrain from commenting upon other assignments presented, as they have to do largely with the sufficiency of the evidence.

For the error pointed out, the judgment of the trial court will be reversed and the cause remanded.