## HORNSBY HEAVY HARDWARE CO. et al. v. PRICHARD.

### No. 13764.

Court of Civil Appeals of Texas. Fort Worth.

May 13, 1938.

Rehearing Denied Sept. 9, 1938.

Bonner, King & Dawson, of Wichita Falls, for appellants.

Napier & Napier, of Wichita Falls, for appellee.

BROWN, Justice.

Appellee sued appellants, who composed a partnership firm, for damages occasioned by personal injuries claimed to have been sustained by him while an employee of appellants, and while unloading a shipment of heavy steel shafts.

First, we are confronted with a motion to dismiss the appeal, predicated upon the

theory that appellants' amended motion for a new trial was filed without leave of court, and that such filing amounted to no filing, and that, under such circumstances, appellants' original motion for a new trial was overruled by operation of law, and appellants' appeal bond was not filed within the statutory period.

It appears that judgment was rendered for appellee on May 13th, 1937, and that appellants filed their original motion for a new trial on May 19th, 1937, and filed the amended motion on June 5th, 1937, and that the amended motion was overruled on June 24th, 1937.

In support of the motion to dismiss, appellee cites the case of National Consolidated Bond Corporation v. Burks et ux., Tex.Civ.App., 114 S.W.2d 280. But we call attention to the fact that the Supreme Court has granted a writ of error in that case, and the notation made by the Supreme Court clearly indicates that we have wholly misconstrued the opinion by the Commission of Appeals, which was expressly adopted by the Supreme Court, in the case of Dallas Storage & Warehouse Co. et al. v. Taylor, District Judge, 124 Tex. 315, 77 S.W.2d 1031, and the opinion by the Supreme Court, rendered on the same day, in the case of Independent Life Ins. Co. of America v. Work, District Judge, 124 Tex. 281, 77 S.W.2d 1036.

While it appears from the opinion rendered by the Commission of Appeals that language is used to the effect that a strict construction must be given to that portion of Subdivision 29 of the Practice Act under discussion, Vernon's Ann.Civ.St. art. 2092, subd. 29, which relates to the time for filing of an amended motion for a new trial, and stress is laid upon the exact and particular language in such subdivision which defines the conditions upon which a motion for a new trial may be amended, these conditions being that leave of court to file the amended motion must be obtained, that the motion can be amended only before it is acted upon, and that the amendment must be made within 20 days after the filing of the motion, nevertheless, it appears from the language of the opinion that a motion for a new trial, if filed after the time fixed by the Statute, may be entertained by the trial court, provided such motion is filed before the expiration of 30 days from the date of the judgment and is by the trial court entertained and overruled within such 30-day period.

It is further stated in the opinion that if the original motion is filed within the prescribed statutory period, and if an amended motion is filed within 20 days from the date of the filing of the original motion, the amended motion must be presented within 30 days from the date of its filing, and when so presented, must be acted upon by the trial court within 45 days from the date of its filing.

Turning to the opinion in the case by the Supreme Court, it is said that original subdivision 29 and amended subdivision 28 of the Practice Act, Vernon's Ann.Civ.St. art. 2092, subds. 28, 29, are mandatory, with the one exception that, although the original motion for a new trial, which is filed-under subdivision 29, is required to be filed within the prescribed 10 days, nevertheless, under the discretion of the trial court, such motion may be filed within 30 days, and that any original motion for a new trial that may be tendered to the trial court after the 10-day period may or may not be considered by the trial court, and such consideration rests entirely within the discretion of the trial court.

We gather from the opinions above mentioned, and other opinions, and from the notation made by the Supreme Court in the case of National Consolidated Bond Corporation v. Burks et ux., supra, that where an original motion for a new trial is filed within 10 days after judgment is rendered in the trial court, and where the amended motion for a new trial is filed within 20 days after the filing of the original motion, and where the amended motion is entertained by the trial court, is acted upon and disposed of by the trial court, within the statutory period provided for in the Practice Act, and appeal is taken within the statutory period from the time such amended motion is overruled by the trial court, such provisions of the statute have been complied with, even though express leave of the court is not obtained before the amended motion for a new trial is actually filed.

In the instant suit, the amended motion recites that it was filed after leave of court was had and obtained, and the order overruling such motion recites that the amended motion came on regularly to be heard, and that such motion had been duly filed and presented, in accordance with

law, and within the time required by law, and that after due consideration such motion was overruled. Appellee made a motion to correct this order in the trial court, asserting that the order is incorrect, in that, such amended motion was not duly filed, that no leave was ever requested or obtained permitting its filing, and that no notice of the filing was ever given to the opposing party. The trial court overruled this motion, and in the order overruling same, specifically found that the court's judgment is dated May 13th, that on May 19th, the original motion for a new trial was filed, and on June 5th, without leave of court having first been had, the amended motion for a new trial was filed; that a hearing was had on the amended motion, and appellee's counsel were present and took part in the hearing, after which the trial court made its order overruling the amended motion on June 24th, 1937. And the court further found that the amended motion was filed within the time required by law, and was presented to the court within the time required by law, without any objection on the part of appellee. We therefore overrule the motion to dismiss.

For the reasons given, the objections to the consideration of appellants' brief, predicated upon the above facts, are also overruled by us.

The case was tried to a jury, and seven special issues were submitted. The first required the jury to find whether or not the plaintiff (appellee here) sustained any injuries to his back on the occasion in question, to which the jury answered: "Yes." The second issue is as follows: "Do you find from a preponderance of the evidence that defendants failed to use ordinary care in furnishing plaintiff sufficient clean sacks for his use in handling the shafting at the time and place in question?" The jury answered: "They did not use ordinary care." The third issue required the jury to find whether or not the defendants' failure to use such ordinary care was a proximate cause of plaintiff's injury, to which the jury answered: "Yes." Special Issue No. 4 is as follows: "Do you find from a preponderance of the evidence that the defendants failed to use ordinary care to keep the floor on which plaintiff was compelled to walk clean and free from grease at the time and place in question?" The jury answered: "They did not use

ordinary care." Issue 5 required the jury to find whether or not such failure to use ordinary care was a proximate cause of plaintiff's injury, to which the jury answered: "Yes." To issue 6 the jury found that the accident was not unavoidable, and to issue 7 the jury found plaintiff damaged in the sum of $1,750.

Defendants below, and appellants here, objected to issue No. 2, on the ground that such issue is on the weight of the evidence, in that it assumes that there was an absolute duty on the part of the defendants to furnish a sufficient quantity of clean sacks and, further, because such issue is duplicitous, in that, it submits two independent controverted issues of fact. That is to say, whether the defendants did furnish a sufficient number of clean sacks, and whether the defendants exercised ordinary care in such matter, and, further, that if the submission of the issue in the language used does not amount to duplicity, the issue is on the weight of the evidence, in that, it assumes as true the controverted issues involved in the question submitted. We believe that the objections are well taken.

The evidence discloses that these shaftings were coated with some character of oil or grease, and that towsacks were furnished by the defendants to the employees handling these heavy shafts, to be used in moving and lifting the same. The evidence is conflicting with respect to the number or amount of clean sacks furnished, appellee's contention being, in substance, that a sufficient number of clean sacks was not furnished by appellants, and that he was compelled to use a sack which was so saturated with grease or oil that he could not obtain a secure hold on the heavy shafts he was handling. By a number of witnesses, appellants showed that a large bundle of clean sacks were placed in plain view of all of the employees, and same were available to appellee.

It occurs to us that if an issue of negligence on the part of appellants can be raised, under the circumstances, same cannot be incorporated in one question, without doing violence to the rights of appellants. In other words, whether or not appellants actually furnished a sufficient quantity of clean sacks for appellee's use is one question to be determined by the jury, and if defendants failed to furnish

a sufficient quantity of clean sacks for appellee's use, whether or not such failure was an act of negligence, is another separate and distinct issue.

Appellants objected to the submission of Issue No. 4, on the ground that it is on the weight of the evidence, in that, it assumes that it was the absolute duty of the defendants to keep the floor free from grease at the time and place in question, and that the issue is duplicitous, because it submits two distinct controverted issues of fact; that is to say, whether the defendants did fail to keep the floor free from grease, and whether they failed to exercise ordinary care with respect to such matter. We believe that the objections are well taken.

Appellee's counsel, in oral argument, very generously admitted that there was vice in issue No. 4, but argued that inasmuch as Issue No. 2 was without vice, the judgment of the trial court, rendered for appellee on the verdict of the jury, should nevertheless be affirmed.

Whether or not appellants permitted the floor on which appellee worked to become greasy is one question of fact for the jury's determination, and whether or not such acts or omissions on the part of appellants amounted to negligence is another issue of fact, and these issues cannot be incorporated in one question, without doing violence to appellants' rights.

The assignments of error predicated upon the overruling of appellants' objections to the two issues above quoted are sustained. S. H. Kress & Co. v. Jennings, Tex.Civ.App., 64 S.W.2d 1074, writ dismissed; Gordon v. McIntosh, Tex.Civ. App., 54 S.W.2d 177; San Antonio Public Service Co. v. Smith, Tex.Civ.App., 57 S. W.2d 179, writ dismissed; San Antonio Amusement Co. v. Easterling, Tex.Civ. App., 71 S.W.2d 350, writ dismissed; Clements v. Wright, Tex.Civ.App., 47 S.W. 2d 652; H. F. Hohlt Co. v. Routt, Tex. Civ.App., 48 S.W.2d 386, writ dismissed; Stout Lumber Co. v. Mouton, Tex.Civ. App., 293 S.W. 688; Shannon v. Horn, Tex.Civ.App., 92 S.W.2d 1090, writ dismissed. Other assignments of error cover matters which are not likely to occur in the next trial, and we will not pass upon same.

For the reasons given, the judgment of the trial court is reversed and the cause is remanded.