**TUCKER OIL CO. v. MATTHEWS.**

No. 13765.

Court of Civil Appeals of Texas.
Fort Worth.

May 20, 1938.

Rehearing Denied Sept. 16, 1938.

E. C. DeMontel and Arch Dawson, both of Wichita Falls, for appellant.

Otis Nelson and W. E. Fitzgerald, both of Wichita Falls, for appellee.

DUNKLIN, Chief Justice.

The Tucker Oil Company has appealed from a judgment in favor of W. A. Matthews for the loss of a number of plaintiff's cattle, which he alleged died from drinking from a stream that was polluted with oil, salt water and basic sediment, which the defendant had negligently permitted to escape during the operation of its oil wells.

In the year 1924, plaintiff leased a tract of 600 acres of land under a parol lease, which was renewed from year to year. Part of the land he used for farming and a part for pasturing his cattle. The land was in the heart of the old Burk Burnett oil field, which was developed in 1919 and 1920, under oil leases, and from gusher wells drilled thereon oil flowed at random over the land, saturating the soil with oil and salt water. The defendant did not drill any of those wells, but acquired interest in the leases in different portions of the land at different times, from the year 1925 until shortly before the trial. Other portions of the lease on the plaintiff's pasture lands were acquired by other oil operators, particularly Bohner and Wise and Jackson, who, during the two years in controversy, operated twelve wells thereon with two batteries of oil tanks and with open, unfenced pits, to which plaintiff's cattle had access, receiving salt water and waste from such operations. After the defendant acquired interest in the leases, it consolidated its pumping operations, so as to pump all of its wells into two batteries of tanks on his portion of the lease, and constructed open earthen excavations or pits to receive the waste oil, basic sediment, salt water and other foreign substances which were separated from the oil at the tanks, and which escaped from stuffin boxes on the pump. Waste oil and salt water from operations by both those companies could drain into the depressions and thence into water courses on plaintiff's pasture, especially during heavy rainfalls. The facts recited above were established by uncontroverted testimony.

Damages claimed by plaintiff were those alleged to have occurred since May 20th, 1934, which covered the two year period next before the institution of the suit. Damages claimed were for the death of 41 of his cattle and injuries to more than 100 others, which did not die; all of which plaintiff alleged was caused by the cattle drinking water polluted with oil, salt water, refuse and other substances which flowed in and upon the water courses, streams and springs located on plaintiff's premises, as the result of negligence of the defendant. Testimony introduced by plaintiff was sufficient to show that water in the water courses was polluted with oil, basic sediment and salt, and that his cattle drank therefrom.

But no testimony was introduced to show how much of such pollution was caused by acts or omissions of the defendant, and what part of which originated from other sources.

At the conclusion of the introduction of evidence and before the case was submitted on special issues, defendant moved the court for an instructed verdict in its favor, which motion was overruled. The case was then submitted to the jury on special issues.

In answer to special issues, the jury found that the defendant failed to use ordinary care to prevent oil, salt water or basic sediment from flowing into the streams and water courses on the land; that plaintiff's cattle drank the water from natural streams and water courses polluted in that manner, and by reason of such pollution, cattle belonging to the plaintiff, of the value of $1,000, died. With the further finding that 75 per cent of such losses was the proximate result of the failure of the defendant to use ordinary care to take care of the waste, oil, basic sediment and salt water produced by it in its operations on the lease. That finding implied that 25 per cent of such loss was not due to any negligence on the part of the defendant. In accordance with that finding, the court rendered judgment in favor of plaintiff for $750. Plaintiff's claim for damages for the cattle that did not die was rejected by a further finding of the jury.

The first assignment presented here is to the refusal of the court to grant the motion for an instructed verdict, on the ground that the evidence relied on was insufficient to show the right of recovery against the defendant, in that, there was no possible basis in the testimony for a determination of how much of the pollution of the water was caused by the acts or omissions of the defendant, and how much resulted from other causes with which defendant was in no manner connected. And therefore, the judgment rendered against the defendant was necessarily based on mere surmises or suspicion and conjectures, which was no more than a mere scintilla of evidence, which was incompetent to support a recovery. That assignment is sustained, for the reasons urged, which we believe are unanswerable.

A number of authorities might be cited in support of this conclusion, including the following: Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; Mauk v. Texas Pipe Line Co., Tex. Civ.App., 93 S.W.2d 820, writ dismissed, and numerous other decisions therein cited. Also De Garza v. Magnolia Petroleum Co., Tex.Civ.App., 107 S.W.2d 1078, writ dismissed; Abilene & Southern Ry. Co. v. Herman, Tex.Civ.App., 31 S.W.2d 682; Sun Oil Co. v. Robicheaux, Tex.Com.App., 23 S.W.2d 713; Texas Pacific Fidelity & Surety Co. v. Hall, Tex.Civ.App., 101 S.W. 2d 1050, writ dismissed, and decisions there cited; Windfohr v. Johnson, Tex.Civ.App., 57 S.W.2d 215; Pitzer & West v. Thigpen, Tex.Civ.App., 68 S.W.2d 324; Radoff v. Guardian Trust Co., Tex.Civ.App., 57 S.W. 2d 607, writ refused; Sipe v. Pennsylvania R. Co., 219 Pa. 210, 68 A. 705; Ft. Worth & D. C. Ry. Co. v. Speer, Tex.Civ.App., 212 S.W. 762; Taylor v. Tarrant County Water Control & Improvement Dist., Tex.Civ. App., 86 S.W.2d 511, writ dismissed.

And since it is manifest from the record that it will be impossible for plaintiff, on another trial, to determine how much of plaintiff's damages resulted from the alleged negligence of the defendant, separate and apart from that caused by the pollution of the water from other sources with which defendant had no connection, the judgment of the trial court will be reversed and judgment will be here rendered, that plaintiff take nothing of the defendant.

And we will add that aside from the merits of the assignment of error discussed above, the judgment would have to be reversed and the case remanded, on other assignments, complaining of special issue No. 10, reading: "Do you find from a preponderance of the evidence that plaintiff's cattle drank oil, B. S. and salt water from the natural streams and water courses on the land in question that was produced incident to the production of the defendant's wells since May 20th, 1934?" which the jury answered "Yes."

The error complained of, and which we think apparent, is that it embodied separate and distinct issues with whether or not oil, B. S. and salt water resulted from defendant's wells; whether or not the same flowed into the natural streams and water courses on the land; and, third, whether or not plaintiff's cattle drank the same from such streams and water courses.

Special issue No. 5 reads: "Do you find from a preponderance of the evidence that the defendant failed to use ordinary care, as that term has been defined to you, in keeping the 'stuffin boxes' on its wells tightened and in proper repair?" which the jury answered, "It did not use ordinary care."

The complaint of that issue, which we believe to be meritorious, is, first, that it assumed that the stuffin boxes were not kept tightened, and, second, it embodied that issue with the further issue of defendant's negligence in keeping those boxes in that condition. S. H. Kress & Co. v. Jennings, Tex.Civ.App., 64 S.W.2d 1074; Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177; San Antonio Public Service Co. v. Smith, Tex.Civ.App., 57 S.W.2d 179; San Antonio Amusement Co. v. Easterling, Tex.Civ. App., 71 S.W.2d 350; Clements v. Wright, Tex.Civ.App., 47 S.W.2d 652; H. F. Hohlt Co. v. Routt, Tex.Civ.App., 48 S.W.2d 386; Stout Lumber Co. v. Mouton, Tex.Civ.App., 293 S.W. 688; Shannon v. Horn, Tex.Civ. App., 92 S.W.2d 1090.

Reversed and rendered.