**BEAUMONT CITY LINES, Inc., v. HUMPHREY.**

No. 3807.

Court of Civil Appeals of Texas. Beaumont.

Feb. 20, 1941.

Rehearing Denied March 5, 1941.

Pipkin & Pipkin and Chas. S. Pipkin, all of Beaumont, for appellant.

J. A. Veillon and D. F. Sanders, both of Beaumont, for appellee.

O'QUINN, Justice.

Appellee, plaintiff below, filed this suit in the 58th district court of Jefferson County, Texas, against appellant, as defendant, seeking to recover damages for injuries to his wife, Leola Humphrey, alleged to have resulted from her falling while attempting to alight from a passenger bus operated by appellant; the fall of said Leola Humphrey alleged to have been caused by the driver of the bus having negligently started the bus to moving while she was in the act of alighting from the bus. The case was tried to a jury upon special issues, and resulted in a verdict in favor of appellee for $3,074.80. Judgment was accordingly entered for appellee, and motion for a new trial was overruled, from which appellant brings this appeal.

Appellee's suit, as made by his pleadings, is, in substance, that on July 22, 1939, his wife, Leola Humphrey, was a passenger on appellant's bus, and desired to get off of said bus at the intersection of Avenue B and College Street, in the city of Beaumont, Jefferson County, Texas; that she gave to the driver of the bus the proper signal to stop the bus and allow her to get off of same; that the driver stopped the bus at said point, and that she was attempting to get off of the bus when, before she could alight from same, and while she was trying to alight, the driver caused the bus to suddenly start moving causing her to fall in the bus by reason of which she suffered serious injuries to her person, fully pleading same.

The court submitted the case to a jury upon special issues, among them being:

Special Issue No. 1: "Do you find from a preponderance of the evidence that Leola Humphrey sustained an injury on July 22, 1939, at the intersection of Avenue B and

College Street while getting off the defendant's bus?" Answered "Yes."

Special Issue No. 2: "Do you find from a preponderance of the evidence that the driver of defendant's bus caused the bus to start moving while Leola Humphrey was at the step and attempting to leave said bus at the intersection of Avenue B and College Street?" Answered "Yes."

Special Issue No. 3: "If you have answered the above special issue No. 2 'Yes,' then answer the following: Do you find from a preponderance of the evidence that causing said bus to start moving, if it was caused to do so, while Leola Humphrey was at the step and attempting to leave said bus, if she was at the step and attempting to leave said bus, was negligence on the part of the driver of defendant's bus?" Answered "Yes."

Appellant objected and excepted to issues Nos. 2 and 3 because they assumed the existence of two ultimate facts, (a) that the bus moved, and (b) that the driver of the bus caused the bus to move; that said issues were on the weight of the evidence; and that said issues submitted in one single issue two ultimate issues of fact to be answered "yes" or "no," when, if properly submitted, the jury might answer one "yes" and the other "no," and the issues were, therefore, multifarious.

 The question whether the bus moved while Leola Humphrey was attempting to alight, and the question whether the driver of the bus caused the bus to move at said time, were strongly controverted issues, so much so that appellant insists that the jury's answers touching them are without support in the evidence, or so against the great weight and preponderance of the evidence, as to be wrong and so should not be allowed to stand. These two issues (a) whether the bus moved at the time alleged, and (b) whether the driver of the bus caused same to move at the time alleged, go to the very foundation of the case as plead by appellee. Unless the bus moved at the time alleged, appellee would not have any case; also, if the bus moved, but was not caused to do so by the driver of the bus, then appellee, under his pleadings, would not have a cause of action. Yet, these matters were nowhere submitted to the jury for findings thereon. Instead issue No. 2 assumes that the bus did move at the time inquired; and so was on the weight of the evidence. Issue No. 3 assumes that the driver caused the bus to start, and inquires whether this was negligence on the part of the driver; this, too, was on the weight of the evidence. We think that the manner in which these issues were submitted was reversible error. Kress & Co. v. Jennings, Tex.Civ.App., 64 S.W.2d 1074, writ dismissed; Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177, 179; (this case is directly in point, and while it does not appear to have reached the Supreme Court on application for writ, it has been numerously cited with approval, and does not appear to have been criticised by any appellate court); San Antonio Amusement Co. v. Easterling, Tex.Civ. App., 71 S.W.2d 350, 351; Texas Employers Ins. Ass'n v. Van Pelt, Tex.Civ. App., 83 S.W.2d 392; Tucker Oil Co. v. Matthews, Tex.Civ.App., 119 S.W.2d 606, 608, par. 5 syl.; Texas Employers Ins. Ass'n v. Ebers, Tex.Civ.App., 134 S.W.2d 797.

We think that appellant's assignment that the answers of the jury to special issues 2 and 3 are so against the great weight and preponderance of the evidence as to be manifestly wrong, and so should not be permitted to stand, should be sustained, and we so find.

There are other matters presented as error, but as they should not arise on another trial, we do not discuss them. For the errors discussed the judgment is reversed and remanded for another trial.

WALKER, J., not sitting.