**COCA–COLA BOTTLING CO. OF LUBBOCK, TEXAS**

v.

**U. V. FILLMORE.**

No. 8052.

Court of Civil Appeals of Texas, Amarillo.

April 13, 1970.

Crenshaw, Dupree & Milam and Cecil Kuhne, Lubbock, for appellant.

Huff & Bowers and Mike Thompson, Lubbock, for appellee.

NORTHCUTT, Justice.

This is an action by U. V. Fillmore against the Coca-Cola Bottling Co. of Lubbock, Texas for damages allegedly sustained as a result of drinking an allegedly contaminated Coca-Cola which he purchased at a service station in Levelland, Texas. Fillmore alleged that after drinking approximately one-half of the Coke, he noticed a dead cockroach in the bottle and immediately became ill and nauseated, and as a result of which he has suffered damages in the sum of $500.00. The case was tried before a jury upon four special issues. Special Issue I asked if Fillmore found a foreign substance in the Coca-Cola. Special Issue II asked if the foreign substance, if any, was in the Coca-Cola at the time it left the care of the defendant, and Special Issue III asked if the foreign substance caused physical harm to the plaintiff. The fourth special issue inquired as to the matter of damages. The jury answered the first three issues "yes", and set the amount of damages at $800.00. Judgment was granted in favor of the plaintiff for the sum of $800.00. From that judgment, defendant perfected this appeal. The parties will be referred to herein as they were in the trial court.

Defendant, at the close of the evidence, made a motion for instructed verdict show-

ing the evidence wholly failed to raise an issue of fact that the Coca-Cola was sold by defendant, and also made a motion for judgment non obstante veredicto, and both motions were overruled. Defendant presented its objections to the court's charge especially as to Special Issue II stating that there was no proof that the Coca-Cola was ever in the possession of defendant or was sold by it; that the issue was duplicitous and multifarious and asked two questions in one, namely; (1) whether the Coca-Cola was bottled by the defendant and (2) whether the Coca-Cola contained a foreign substance at the time it left the care of the defendant; that the issue was a comment upon the weight of the evidence, and further that the issue assumes that the Coca-Cola was in the care of the defendant.

This record clearly shows that defendant was contesting plaintiff's contention that the Coca-Cola was bottled and sold by the defendant, and clearly called to the court's attention the fact that the plaintiff had not produced proof to sustain Special Issue II. It was not the duty of defendant to prove it did not sell the bottle of Coca-Cola here in question, but was the duty of the plaintiff to show he was injured because of the acts of the defendant. There was no one connected with the filling station at Levelland, where the defendant purchased the Coke, that testified in this case. The bottle in question was offered into evidence by the plaintiff, and the words "Greenville, Texas" were inscribed in the glass on the bottom of the bottle.

It is stated in Pittsburg Coca-Cola Bottling Works v. Ponder, 443 S.W.2d 546 at 548 (Sup.Ct.) as follows:

"The prime requirement for imposing liability on a seller under the rule of strict liability is proof by the plaintiff that he was injured because of a defective condition in the product when it left the hands of the particular seller. Jack Roach-Bissonet, Inc. v. Puskar, 417 S. W.2d 262, at 278 (Tex.Sup.1967). This

is not to say that proof of the defect must be made by direct or opinion evidence; it usually can only be made by circumstantial evidence."

See also San Antonio Amusement Co. v. Easterling, Tex.Civ.App., 71 S.W.2d 350 (writ dism'd) where it is stated:

"It might be argued that the court assumed one of these issues to be true and intended to inquire about the other. It is equally as erroneous to assume a controverted issue of fact in a question as it is to submit two issues in one question. Crow v. Monroe (Tex.Civ.App.) 273 S. W. 886; Turner v. Dinwiddie (Tex.Civ. App.) 276 S.W. 444."

See also Tucker Oil Co. v. Matthews, Tex.Civ.App., 119 S.W.2d 606.

Since we are of the opinion that the judgment must be reversed, we will not discuss the other points presented herein as they may not appear on another trial. We are of the opinion the trial court erred in assuming a controverted issue of fact and in submitting two issues in one question as set out in Special Issue II. Judgment of the trial court is reversed and remanded.